THE GARDEN CITY, GULF & NORTHERN RAILROAD COMPANY, *Plaintiff*, v. JAMES M. NATION, *as Auditor, etc.,* *Defendant.*

No. 16,988.

PUBLIC OFFICERS—*Individual Liability for Performance of Duties.* The rule applied that executive officers are not individually liable for the performance of duties involving discretion and judgment, in the absence of malice, oppression in office or willful misconduct.

Original proceeding in mandamus. Opinion filed July 9, 1910. Motion denied.

*Albert Hoskinson, Edgar Roberts,* and *A. M. Harvey,* for the plaintiff.

*Fred S. Jackson,* attorney-general, and *Charles D. Shukers,* special assistant attorney-general, for the defendant.

*Per Curiam:* The motion of the plaintiff for an order from this court allowing the plaintiff for expenses in attending court, printing briefs and attorney's fees is denied, for the amount claimed or for any amount whatever. The duty of the state auditor in passing upon questions presented in the original case, as to whether the municipal bonds in question should be registered in his office, involves the decision of a judicial question. His action in deciding the same is quasi judicial. The performance of his duty involves the exercise of judgment, and in the absence of any suggestion of malice, oppression in office or willful misconduct, he is not individually responsible. (29 Cyc. 1444; 23 A. & E. Encycl. of L. 375.) Indeed, the request for an order against him is in his capacity as state auditor, and is in effect a proceeding against the state. The state can not in a proceeding of this nature be subjected to a money judgment, especially in the absence of

any consent on the part of the state, or of the officer authorized to give such consent, to be made a party to such proceeding. The costs of this motion will be taxed to the plaintiff.