No. 22,267.

THE HEMAN CONSTRUCTION COMPANY, *Appellant*, v. ARTHUR CAPPER et al., as THE BOARD OF ADMINISTRATION, ETC., *Appellees*.

SYLLABUS BY THE COURT.

1. PUBLIC BUILDING CONTRACT—*Balance Claimed to be Due—Suit Against the State Not Maintainable.* Where a construction company entered into a contract with the state for the erection of a building, an action for a balance alleged to be due thereon, brought against the official board which acted for the state in the letting of the contract, is a suit against the state, and, as such, it is not maintainable in the absence of a positive and unequivocal statute permitting the state or its official board to be sued. .

2. SAME. A statute which confers power upon a state board to institute or defend any and all proceedings necessary to protect the interests of the state is not a waiver of the state's immunity from suits at the instigation of private parties seeking to subject the state and its official boards to money judgments.

Appeal from Shawnee district court, division No. 1; ROBERT D. GARVER, judge. Opinion filed July 5, 1919. Affirmed.

*Joseph G. Logan,* of Topeka, *Edwin A. Krauthoff, W. S. Mc-Clintock, John L. Kirkpatrick, C. S. Denison,* and *A. L. Quant,* all of Kansas City, Mo., for the appellant.

*Richard J. Hopkins,* attorney-general, and *Maurice McNeill,* assistant attorney-general, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff brought this action against the board of administration of educational, charitable and correctional institutions to recover a balance alleged to be due the plaintiff on a contract for the erection of a building at the state normal school at Emporia.

The contract was made between the plaintiff and the state of Kansas, and the building was erected for the state. The defendant board was the administrative agency which acted for the state in the making of the contract. As the erection of the building progressed, payments to the plaintiff were made upon estimates of the state architect, on vouchers verified by plaintiff and approved by the defendant board, and on warrants drawn in the usual course of state business, upon a specific fund appropriated therefor by the legislature.

On the completion of the building, the final payment of $5,472.28 was withheld. The pleadings do not show why.

Plaintiff's action is for an ordinary money judgment against the state board.

Defendants filed the following motion:

"Come now said defendants appearing specially and for the purposes of this motion only, and intending thereby not to submit themselves or the state of Kansas to the jurisdiction of this court and show to the court that the above entitled action is in substance and effect an action against the state of Kansas, and that as such this court has no jurisdiction thereof, and move the court to dismiss said action and to quash the service of summons herein."

This motion was sustained and the action dismissed. Plaintiff appeals.

Is this an action against the state? It seems so. The contract was between the plaintiff and the state. The building was constructed for the state. The only concern of the defendant board therewith was the performance of its official duty. It was its duty to let the contract for the state, and to sanction the paying out of the appropriation from time to time as the work proceeded, when in the exercise of its official discretion and official duty it had determined the quantity and sufficiency of the work done, and to sanction final payment when the work was fully completed. The board has no power to approve plaintiff's voucher for final payment and to sanction the payment thereof until it has determined, in the exercise of its administrative discretion, that the contract has been fully completed. And in this connection it may be observed that the board has no power to withhold its approval of plaintiff's final voucher for payment when plaintiff's work has been well and faithfully completed. The money appropriated to pay for this building is not the board's money. It is the board's duty to

authorize the payment when due, and it is the board's duty to withhold its approval when it is not due—when in the exercise of its sincere and candid judgment it has determined that the contract has not been completed in accordance with its terms.

The plaintiff cannot have a money judgment against the board. It must look alone to the fund provided by the legislature to pay for this building. If it is entitled to that fund, there are adequate legal means whereby plaintiff may acquire it. (*Cates v. Knapp,* 104 Kan. 184, 178 Pac. 447.) The defendant board has no power, indeed no state board has power, to submit itself to actions and possible judgments which may be the basis of a claim against the state, unless it is clearly authorized by statute so to do. All this is elementary law.

But plaintiff contends that the legislature has given its sanction to this sort of an action, and cities section 15 of chapter 297 of the Laws of 1917, which reads:

"The state board of administration shall have power to bring all suits and institute or defend any and all proceedings necessary to be brought or defend in any action to protect the interests of the state herein and carry out the provisions of this act, to hold property, and receive and execute trusts for any or all said institutions, and authorize such expenditures for the interest of said institutions as may in its judgment be necessary. The attorney-general shall institute or defend all such proceedings."

This section is not an unqualified declaration that the board may be sued for a money judgment. The board is given power to sue and it is given power to defend—what? All suits and proceedings necessary to protect the interests of the state. Those are the suits which it may institute or defend. Who is to determine whether the board shall exercise the power to sue or defend. Certainly the board itself must determine that matter. It cannot be compelled to sue against its discretionary judgment; nor can it be compelled to defend, if in its discretion it thinks it ought not to litigate. This section does not disclose a legislative purpose to surrender the state's sovereign right of immunity from being subjected to litigation at the instigation of parties having claims against the state. Counsel for plaintiff say that if this statute does not expressly authorize such a suit as this, there is a clear implication of a legislative purpose so to do. As we understand the rule relating to the immunities attaching to sovereignity, such attributes

are never to be considered as waived or surrendered by any inference or implication. The surrender of an attribute of sovereignty being so much at variance with the commonly accepted tenets of government, so much at variance with sound public policy and public welfare, the courts will never say that they have been abrogated, abridged, or surrendered, except in deference to plain, positive legislative declarations to that effect. (*Asbell v. The State,* 60 Kan. 51, 55 Pac. 338; *The State v. Appleton,* 73 Kan. 160, 84 Pac. 753; *Railroad Co. v. Nation,* 83 Kan. 237, 109 Pac. 772; *Nation v. Tulley,* 86 Kan. 564, 121 Pac. 507; *Garrity v. Board of Administration,* 99 Kan. 695, 162 Pac. 1167.)

The action was properly dismissed, and the judgment is affirmed.