No. 30,891.

MARY BARKER, *Appellant*, v. THE HUFTY ROCK ASPHALT COMPANY, GEORGE L. DAVIS and THE STATE HIGHWAY COMMISSION, Interveners, *Appellees.*

(18 P. 2d 568.)

Opinion filed January 28, 1933.

*Frank H. McFarland,* of Topeka, for the appellant.

*Wint Smith,* ·assistant attorney-general, *Edward F. Arn,* assistant attorney for state highway commission, and *Ralph M. Hope,* of Topeka, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: The plaintiff, Mary Barker, was an employee of the Hufty Rock Asphalt Company, which owed her $350 for services as stenographer, and payment not having been made upon demand, she brought this action against the Hufty Rock Asphalt Company to recover the amount due. On the same day she procured the issuance of an attachment to be levied upon the property, including the goods, chattels, credits, moneys and effects of the defendant in Shawnee county. The sheriff, to whom the writ was directed, served it upon the auditor of the state highway commission, who had in his hands two warrants drawn upon the treasurer of the state of Kansas in favor of the Hufty Rock Asphalt Company for supplies furnished to the state highway commission by that company. Shortly afterward the state highway commission

came into the case and filed a motion to vacate the attachment for the reasons, first, that the attachment of the warrants drawn upon the state treasurer was in effect an action against the state and could not be maintained without permission of the state, which had not been given; second, that the warrants were not the property of the defendant and did not constitute any of the things authorized by statute as being subject to attachment.

Upon a hearing of the motion the district court decided, first, that there is no authority under the attachment statute (R. S. 60-901 et seq.) to issue an attachment against the state; second, that there is no authority for a third party to sue the state of Kansas; third, that the attachment in the present action does not come within the provisions of R. S. 1931 Supp. 74-2001, providing that the state highway commission may sue and be sued, but that such statute referred to R. S. 68-301; fourth, warrants that have not been delivered are not a proper subject of attachment. For these reasons the order of attachment was set aside.

Later a citizen of Kansas City, Mo., intervened in the action by leave of court, setting up a claim and right to the funds represented by the warrants which he alleged were paramount to the attachment. As no decision was made on his claim, it is of no present concern in this appeal, which was taken by plaintiff from the order vacating the attachment.

This proceeding was an attempt by a third party to attach warrants issued to a contractor for material furnished by it in carrying out a contract in the construction of a highway, and plaintiff seeks to appropriate funds provided for a state purpose, for her services to the contractor. She was not an officer nor an employee of the state or of the highway commission. The salary for which she sued was the private obligation of the contractor. The warrants attached had not yet come into the hands of the contractor. It is contended by the plaintiff that the warrants drawn upon the treasury of the state were subject to attachment, and that the order vacating the attachment was erroneous. The state highway commission is contending that it is an agency of the state, a branch of the state government, and cannot be sued or its funds appropriated in a proceeding without the consent of the state, which it is asserted has not been given. The legislature which created the highway commission declared it to be a body corporate, with power to

sue and be sued, and its functions were declared to be to establish, construct, improve and maintain highways throughout the state, and funds for these purposes were provided by the state. In the act prescribing the powers and duties of the commission, it was authorized to enter into contracts with others to accomplish the designated purposes. All parties concede that under the law the state cannot be made a defendant or be sued in any court unless it has consented to be sued. The legislature may give such consent, but before it can be regarded as having waived its sovereign right of immunity, it must be made in express terms so clear as to leave no doubt of the legislative purpose to give the consent. (*Asbell v. State,* 60 Kan. 51, 55 Pac. 338; *State v. Appleton,* 73 Kan. 160, 84 Pac. 753; *Nation v. Tulley,* 86 Kan. 564, 121 Pac. 507; *Garrity v. Board of Administration,* 99 Kan. 695, 162 Pac. 1167; *Construction Co. v. Board of Administration,* 105 Kan. 291, 182 Pac. 386; *McGraw v. Rural High School,* 120 Kan. 413, 243 Pac. 1038.)

Has consent been given in the case where state warrants are attached as in the present case? It has given consent for suits brought on contracts made in behalf of the state, for the purposes named in the act, by the state highway commission in the construction and maintenance of the state highway. That was determined in *McCandliss v. Neosho County Comm'rs,* 132 Kan. 651, 296 Pac. 720, where it was said:

"It is well settled that a state may consent to be sued, and to the extent that it does so consent suits may be maintained against it in the courts of such state. Naturally, with respect to matters concerning which the state has not consented to be sued, actions against the state cannot be maintained even in the state courts. (*Purity Oats Co. v. State,* 125 Kan. 558, 264 Pac. 740; *Construction Co. v. Board of Administration,* 105 Kan. 291, 182 Pac. 386.)" (p. 654.)

Express consent has also been given to sue the state highway commission for damages resulting to anyone which occur by reason of a defective bridge, culvert or a defect in a state highway, providing written notice is served upon the director of highways within ninety days after the damage is sustained; and it was further provided that any judgment obtained shall be paid from any funds in the hands of the state highway commission. (Laws 1929, ch. 225, § 23.) It thus appears that the consent of the state to sue the commission is limited to actions on highway-construction contracts made by the commission and to damages arising from defects in state highways,

including bridges and culverts which the highway commission controls and maintains, but that is the extent of the legislative consent to bring the state and its commission into litigation in the courts. The fact that a commission or board of the state is incorporated does not mean that the immunity of sovereignty has been waived or surrendered. In speaking of the effect of the incorporation of a board or commission which is an agency of the state, and whether it might be sued for a money judgment, it was said:

"This section does not disclose a legislative purpose to surrender the state's sovereign right of immunity from being subjected to litigation at the instigation of parties having claims against the state. Counsel for plaintiff say that if this statute does not expressly authorize such a suit as this, there is a clear implication of a legislative purpose so to do. As we understand the rule relating to the immunities attaching to sovereignty, such attributes are never to be considered as waived or surrendered by any inference or implication. The surrender of an attribute of sovereignty being so much at variance with the commonly accepted tenets of government, so much at variance with sound public policy and public welfare, the courts will never say that they have been abrogated, abridged, or surrendered, except in deference to plain, positive legislative declarations to that effect." (*Construction Co. v. Board of Administration,* 105 Kan. 291, 293.)

The money sought to be reached here has been raised and set apart for specific public purposes and cannot be devoted to private or other purposes. It certainly cannot be used to pay private debts which a contractor may owe to a third party. To allow the state to be sued by private parties for a private debt owed by someone who had a contract relation with the state, or to have a third party invade the state treasury and seek to attach and appropriate public funds raised for a specific public purpose, would be an impracticable and intolerable burden on the state, and is one to which the state is not likely to give its consent. At least it may be said that such consent is not to be implied from any language used in the highway act or other statute of the state and, as stated, it cannot be done except "in deference to plain, positive legislative declarations to that effect." (*Construction Co. v. Board of Administration,* supra.)

While the proceeding was nominally against the highway commission, it was in effect one against the state itself. In cases where the officer of the state acts in his individual or private capacity, and where the money sued for is not public funds subject to disposition by the legislature, a different rule applies. Compare *Kittredge et al. v. Boyd,* ante, 691, 18 P. 2d 563, just decided.

We conclude that the attachment proceeding against the state highway commission in its official capacity is in effect one against the state, and that consent has not been given to the bringing of such an action.

That being the decision, it is unnecessary to determine whether the warrants attached are within the classes of property, rights or credits which are subject to attachment under R. S. 60-905. If it be assumed that they were the subjects of attachments as between private and proper parties in an action, they were not subject to attachment as against the state.

No error was committed in vacating the order of attachment and therefore the judgment is affirmed.

THIELE, J., not participating.