No. 32,049

ROME MANUFACTURING COMPANY, a Division of the Revere Copper & Brass, Incorporated, *Appellee*, v. THE STATE HIGHWAY COMMISSION OF THE STATE OF KANSAS, *Appellant.*

(41 P. 2d 761)

Opinion filed March 9, 1935.

*Wint Smith,* assistant attorney-general, and *Henry E. Martz,* assistant attorney for the state highway commission, for the appellant.

*Benj. F. Hegler, A. V. Roberts,* both of Wichita, and *Roy P. Swanson,* of Kansas City, Mo., for the appellee; *Arthur S. Evans,* of Rome, N. Y., of counsel.

The opinion of the court was delivered by

HARVEY, J.: This is an action in replevin brought in Sedgwick county. From the petition it appears plaintiff is a foreign corporation; that in January, 1930, at Kansas City, Mo., it sold to Mrs. F. C. Baird a certain motor grader for which she gave notes for future payments; that by the written contract of sale title to the grader was retained by plaintiff until the notes were paid; that Mrs. Baird never had paid any of the notes, and that by reason thereof plaintiff is the owner and entitled to the possession of the grader; "that it has demanded the same of the defendants, which demand has been refused and that the defendant wrongfully detains the same."

Mrs. Baird resides in Wyandotte county. A summons for her was sent to the sheriff of that county and served upon her. We are told that she entered her appearance in the action and gave a redelivery bond, but we are not concerned on this appeal with any question as between plaintiff and Mrs. Baird, or as between Mrs. Baird and the state highway commission.

Plaintiff attempted to get service on the state highway commission in two ways: (1) It caused summons to be issued in Sedgwick county and served by the sheriff of that county on a section man or section foreman employed by the state highway commission in Sedgwick county, where it had a warehouse and shops. (2) It caused a summons to be mailed to the sheriff of Shawnee county, where the headquarters of the state highway commission are, and this was served on the director of highways.

The state highway commission appeared specially and moved the court to quash the summons and the service thereof on the grounds that the action was not properly brought in Sedgwick county, and the attempted service in Shawnee county was of no effect. This motion was overruled. The state highway commission then demurred to the petition on the grounds that the court had no jurisdiction of the person or of the subject matter, and the further ground that the action is in substance and effect an action against the state, and as such the court had no jurisdiction thereof. This demurrer was overruled, and the state highway commission has appealed and argues: (1) The venue of the action was in Shawnee county; (2) that service of summons upon an employee of the commission is not sufficient; and (3) that a replevin action cannot be maintained against the state highway commission.

Unless a statute such as R. S. 1933 Supp. 68-419 provides otherwise, an action against the state highway commission should be brought in Shawnee county, where its principal office and place of business is situated. (*State, ex rel., v. State Highway Comm.*, 133 Kan. 357, 358, 299 Pac. 955.)

We find no provision in the statute authorizing the service of a summons against the state highway commission upon some one of its many employees; hence, the service upon the section foreman in Sedgwick county was without effect. On this point appellees cite and rely upon R. S. 60-2518, but this statute applies to service upon corporations organized under the general corporation law for commercial or industrial purposes. The state highway commission is not such a corporation. It is an arm of the state created by the legislature to carry on the activities of the state in constructing and maintaining a system of state highways.

Appellant further contends that this replevin action is in effect a suit against the state, and that the state never has consented that such a suit could be brought against it by an action against the state highway commission. The point is well taken. By creating the state highway commission to carry on the work of the state in constructing and maintaining a state system of highways, and by designating it as a body corporate with power to sue and be sued, the state did not consent to be sued for every purpose. (*Payne v. State Highway Comm.*, 136 Kan. 561, 16 P. 2d 509; *Barker v. Hufty Rock Asphalt Co.*, 136 Kan. 834, 18 P. 2d 568; *State, ex rel., v. State Highway Comm.*, 138 Kan. 913, 917, 28 P. 2d 770.) In effect it has consented to be sued with respect to contracts the state highway commission is authorized to make, or was required to take over. (*McCandliss Construction Co. v. Neosho County Comm'rs*, 132 Kan. 651, 296 Pac. 720.) But this action is not predicated upon any contract with the state or its highway commission. The state also specifically has consented to be sued in an action against the state highway commission for damages resulting from defects in highways, but it is conceded this action is not within the purview of that statute. We feel compelled to hold this action cannot be maintained against the state highway commission.

The judgment of the court below is reversed, with directions to sustain the demurrer of the state highway commission to the petition.