No. 33,222

HUGH GRESTY, *Appellee*, v. HARRY DARBY, Z. H. TESSENDORF, EARL C. TODD, ED BURGE, E. C. BRAY, CHESTER W. DAVIS, H. J. MORRISON and LEIGH ABBEY, *Appellants*. (GEORGE W. CONDON, L. GODSEY, FOREST MEAD, DWIGHT HARDMAN, JOHN DAUMA, BEN CANADAY, ALVA STOY and SIL HIVELY, *Defendants*.)

No. 33,223

HENRY V. MORRIS, *Appellee*, v. HARRY DARBY, Z. H. TESSENDORF, EARL C. TODD, E. C. BRAY, CHESTER W. DAVIS and H. J. MORRISON, *Appellants*. (GEORGE W. CONDON, L. GODSEY, FOREST MEAD, DWIGHT HARDMAN, JOHN DAUMA, BEN CANADAY, ALVA STOY, SIL HIVELY, E. A. PINKERTON and L. S. SEYMOUR, *Defendants*.)

(68 P. 2d 649)

Opinion filed June 12, 1937.

*Wint Smith*, assistant attorney general, *Henry E. Martz* and *Ralph M. Hope*, both of Topeka, for the appellants.

No appearance was made for the appellees.

The opinion of the court was delivered by

HARVEY, J.: These were actions in tort to recover damages for permanent injury to land. They were filed separately in the district court of Scott county, but have been consolidated in this court because of the identity of the legal questions involved.

In the Morris case plaintiff alleged in his petition that he is the owner of a described 400 acres of farm and pasture land; that White Woman creek is a natural watercourse which flows from the west in an easterly direction across a state highway known as U. S. No. 83, and from that point easterly about three fourths of a mile south of plaintiff's farm; that in the winter of 1933 and early in 1934 defendants, by their joint acts and coöperation, constructed a described

channel from the bed of White Woman creek at the point where it crosses U. S. No. 83 in a northeasterly direction toward plaintiff's farm, and thereby diverted the water from the creek over and upon plaintiff's land in a manner described, to his damages in a sum named, and

"Plaintiff alleges that the defendant Harry Darby is now and was at all times herein mentioned the director of highways of the state of Kansas, and that the defendants Earl C. Todd, E. A. Pinkerton, E. C. Bray, Chester W. Davis, H. J. Morrison and L. S. Seymour are now and were at all times herein mentioned, Kansas state highway commissioners, and plaintiff alleges that the said highway commissioners jointly and coöperating together procured and directed the other of said defendants herein" (the contractor and his employees), "to construct said channel as hereinbefore alleged, and to bridge the same where it crosses said U. S. highway No. 83, and to divert the water of said White Woman creek from its natural and accustomed course, and thereby cause the said water to flow upon and submerge plaintiff's said farm as aforesaid."

Service of summons was had upon the contractor, or some of his employees, in Scott county; upon Harry Darby, in Shawnee county; upon Z. H. Tessendorf, a district engineer of the state highway commission, in Gray county; upon Earl C. Todd, in Montgomery county; upon E. C. Bray, in Hamilton county; upon Chester W. Davis, in Jackson county; and upon H. J. Morrison, in Decatur county. No service was obtained upon E. A. Pinkerton and L. S. Seymour, who were in fact deceased at the time the action was brought.

The defendants Darby, Tessendorf, Todd, Bray, Davis and Morrison, appearing specially for the purpose of the motion only, moved to quash the service upon them for the reason and upon the grounds that the alleged cause of action was not properly brought in Scott county, and the attempted service upon these defendants in Shawnee and other counties is of no effect, and that the court was without jurisdiction. In the course of the hearing before the court on this motion the same defendants filed a demurrer to the petition, for the reason that the petition discloses on its face that the court has no jurisdiction of the person of the defendants, and that the petition does not state facts sufficient to constitute a cause of action against defendants in favor of plaintiff. The motion to quash and the demurrer were overruled, and these defendants have appealed.

In the Gresty case the petition was the same, except as to details not here important, and except that Ed Burge and Leigh Abbey were named as defendants and alleged to have been members at

all times of the state highway commission instead of E. L. Pinkerton and L. S. Seymour, and service of summons was had upon Burge in Cloud county and upon Abbey in Stafford county. With those differences in defendants the motion and demurrer and the rulings thereon were the same as in the Morris case.

Obviously, plaintiffs intentionally refrained from naming the state highway commission a party defendant, but candor compelled them to plead that one of the defendants was the director of the highways of the state and that others were highway commissioners, and that the state "highway commissioners jointly and coöperating together procured and directed" the work complained of to be done. It further clearly appears from the petition that the work complained of was done in the improvement and drainage of a state highway. These defendants are by statute (G. S. 1935, 68-404) the managing and directing officers of the state highway commission, a corporate entity (G. S. 1935, 74-2001), an arm of the state created by the legislature to act for the state in constructing and maintaining state highways (*McCandliss Construction Co. v. Neosho County Comm'rs,* 132 Kan. 651, 296 Pac. 720), as authorized by the constitution (art. 11, §§ 9, 10). As such officials they are authorized to determine what work shall be done, and to direct and procure it to be done. (G. S. 1935, 74-2006.) Necessarily, this calls for the exercise of official judgment and discretion. It is not alleged that what they procured and directed to be done was without the scope of their official authority, neither is it alleged that they acted through malice, or corruptly, or capriciously. All that is charged is that what they directed and procured to be done resulted in damages to plaintiffs.

It is the general rule of law that state or municipal officials, performing the duties imposed upon them by statutes creating their respective offices and prescribing their duties, and exercising in good faith the judgment and discretion necessary therefor, are not liable personally in damages for injuries to private individuals resulting as a consequence of their official acts. (*Hicks v. Davis,* 100 Kan. 4, 163 Pac. 799; *Construction Co. v. Sedgwick County,* 106 Kan. 410, 186 Pac. 492; 46 C. J. 1045; 22 R. C. L. 487; Mechem, Public Offices and Officers, §§ 612, 613.) Hence, insofar as plaintiffs seek to recover from appellants as individuals the petition failed to state facts sufficient to constitute a cause of action, and appellant's demurrers thereto should have been sustained.

The petitions in the actions are open to the construction that they are actions against appellants in their official capacity as state highway director and commissioners. Indeed, we regard this as the proper construction of the petitions. They are therefore actions against the state highway commission notwithstanding the fact it is not specifically named as a defendant, for appellants, in their official capacity, act only for and on behalf of the state highway commission. (*Railroad Co. v. Nation,* 83 Kan. 237, 109 Pac. 772; *Construction Co. v. Board of Administration,* 105 Kan. 291, 182 Pac. 386; *Longstreet v. County of Mecosta,* 228 Mich. 542, 200 N. W. 248.) The venue of such actions is in Shawnee county, where the principal offices of the state highway commission are situated (*State, ex rel., v. State Highway Commission,* 133 Kan. 357, 299 Pac. 955; *Rome Mfg. Co. v. State Highway Comm.,* 141 Kan. 385, 41 P. 2d 761), and not in Scott county, where these actions were filed; hence, the motion to quash the service should have been sustained.

Another point may be noted, since it is argued, although it is not essential to the determination of this appeal. An action against the state highway commission is an action against the state. The state can be sued only by its consent. It has given its consent to be sued in an action against the state highway commission upon some causes of action, but not for all causes of action. (*Barker v. Hufty Rock Asphalt Co.,* 136 Kan. 834, 18 P. 2d 568; *Rome Mfg. Co. v. State Highway Comm.,* 141 Kan. 385, 387, 41 P. 2d 761.) We are cited to no statute, and have discovered none by our own research, by which the state, either specifically or necessarily, has given its consent to be sued upon the causes of action attempted to be stated in the petitions in these cases. Upon this view the demurrers to the petitions should have been sustained even had the action been brought in the proper venue.

The result is, the judgment of the court below in each case must be reversed, with directions to sustain both the motion to quash the service and the demurrer. It is so ordered.