No. 36,632

JENNIE ATCHISON, *Plaintiff*, v. KANSAS STATE HIGHWAY COMMIS-SION, D. J. Fair, Director, *Defendant*.

(171 P. 2d 287)

Opinion filed July 6, 1946.

*Robert R. Hasty*, of Wichita, argued the cause for the plaintiff.

*Otho W. Lomax*, assistant attorney general, and *Edward F. Arn*, of Wichita, argued the cause, and *F. Quentin Brown*, of Greensburg, and *Charles C. Clark*, of Topeka, were on the briefs for the defendant.

The opinion of the court was delivered by

THIELE, J.: This is an original proceeding in mandamus against the state highway commission, hereafter referred to as the commission. At the time the plaintiff filed her motion for the writ, an alternative writ issued, and thereafter the commission filed its motion for an order quashing the alternative writ, and the cause has been argued and submitted on that motion.

The factual situation disclosed by the motion for the writ and by the alternative writ necessary to our decision discloses that plaintiff is the owner of a lot in a particular block in Travel Air City in Sedgwick county, and the action is brought for the benefit of all the owners of lots south of a certain alley in that block; that the commission is organized and exists under G. S. 1935, 74-2001, and has power to act for the state of Kansas in all matters for the construction and maintenance of state highways and drainage ditches relating thereto; that by virtue of G. S. Supp. 1945, 68-413, the commission has the right of eminent domain and may acquire land for highway purposes only by dedication, purchase or condemnation; that some time in the spring and summer of 1943 the commission contracted for and completed a drainage ditch including therein all of the alley mentioned, and that plaintiff and all parties for whom the action is filed have been damaged and not compensated by such action of the commission; that the commission excavated for and completed the drainage ditch by taking all of the alley, all of which borders directly on lots owned by the plaintiff and the parties for whom the action was brought, and was so taken without acquiring the land by dedication, purchase or condemnation and without compensation to plaintiff and other lot owners; that all of the parties so damaged have demanded compensation of the commission, which has refused to pay, nor has any agreement for payment been made; that this action is brought because plaintiff and other lot owners have no adequate remedy at law; that they have heretofore attempted recovery in a proceeding in this court entitled *Tillotson v. Fair*, 160 Kan. 81, 159 P. 2d 471, wherein it was stated that the ruling on the demurrers there involved "is in no sense to be construed as a decision that the plaintiffs are without remedy." (p. 90.) It is further stated that the action is brought to avoid a multiplicity of suits and costs and expenses of appeal, and that plaintiff has a constitutional right to be compensated for the action of the commission

either by purchase or condemnation. The order of the alternative writ is that the commission immediately compensate the plaintiff and the parties represented by her, or institute condemnation proceedings for compensation of the parties for damages sustained by them, or show cause to the contrary before a day in the alternative writ.

As has been noted, the commission moved the court for an order to quash the alternative writ. Included in the grounds asserted is that the plaintiff has a plain, speedy and adequate remedy in ordinary course of law.

In discussing the question whether plaintiff has an adequate remedy at law, it is assumed that she was the owner of land taken by the commission in the performance of the improvement mentioned. The rule is well settled that a plaintiff may not invoke the extraordinary writ of mandamus where he has a plain, speedy and adequate remedy available to him in ordinary course in an action at law. (See cases cited in West's Kansas Digest, Mandamus No. 3 and Hatcher's Kansas Digest, Mandamus No. 18.) Under the constitution of this state (art. 12, § 4), it is provided that no right of way shall be appropriated to the use of any corporation until full compensation shall be made therefor, as is more fully stated in that section, and accordingly the legislature has provided many instances for exercise of the right of eminent domain and for fixing compensation of those whose lands may be taken. Under G. S. 1945 Supp. 68-413, the state highway commission was given such power and authority. It is plaintiff's claim that the commission, without invoking statutory procedure, took her land and has not compensated her.

Passing for the moment the question the plaintiff may not sue the commission for the asserted reason it is an arm of the state and not liable to suit, we consider results following appropriation of property where statutory provisions for the exercise of eminent domain have not been followed. In *State Highway Comm. v. Puskarich,* 148 Kan. 388, 83 P. 2d 132, it was said:

"It is the settled law in this state that where a corporation, having the power of eminent domain, enters upon and appropriates the land of any person for public purposes, without having acquired the title thereto by formal condemnation or otherwise, the landowner may waive formal condemnation and may sue upon an implied contract for the value of the property taken." (l. c. 390.)

And the first paragraph of the syllabus is in accord. Cases cited

in the opinion in support of the above statement will not be reviewed nor mentioned other than *Webb v. Crawford Co. Comm'rs*, 127 Kan. 547, 247 Pac. 249, where it was held that a county is under a quasi-contractual obligation to pay an owner the reasonable value of gravel which it took without condemnation. (See, also, *Prickett v. Belvue Drainage District*, 159 Kan. 136, syl. ¶ 1, 152 P. 2d 870.)

Plaintiff contends the above cases are not in point for the reason the taking was not by the state, but by a corporation which could be sued. We think the cases are in point, and that whether or not the state may be sued presents another question, for conceivably a party may have a very good cause of action against the state but be precluded from maintaining it because the state had not waived its immunity from suit. (*Construction Co. v. Board of Administration*, 105 Kan. 291, 182 Pac. 386, and cases cited therein.) The question therefore arises whether, under the statutes and law, any action may be maintained against the commission as an arm of the state.

The state highway commission was originally created by the Laws of 1927, chapter 255, but that statute made no reference to its being a body corporate, or as to its power to sue or be sued. By the Laws of 1929, chapter 225, the statute was amended to read as it now appears as G. S. 1935, 74-2001, and in part as follows:

"That there is hereby created a state highway commission which shall be a body corporate with powers to sue and be sued."

For the reason that it is referred to in some of our decisions later mentioned, we note also G. S. 1935, 68-419, providing for actions against the commission to recover damages sustained by reason of defects in state highways as more specifically set forth in that statute.

In 1931 this court considered an appeal in *McCandliss Construction Co. v. Neosho County Comm'rs.*, 132 Kan. 651, 296 Pac. 720, where the plaintiff sought to recover on certain contracts made by a county, the liabilities of which were imposed by the statutes upon the commission. When the action was commenced the commission appeared specially and moved the trial court to dismiss the action against it and to quash the service of summons for the reason the action was against the state and that the court had no jurisdiction. That motion was denied and the commission demurred, raising the same questions, and the demurrer being overruled the appeal to this court followed. In the opinion this court considered whether

the action was one against the state and whether it had consented to being sued. After directing attention to the language of the statute quoted above, and the duties of the commission in connection with the state highway system, it was said:

"It is thus seen that the state highway commission is a quasi-corporate body created by statute to carry out these functions of the state, and of necessity has the duties and liabilities imposed upon it by statute." (l. c. 653.)

and further,

"Here, the state, being authorized by the constitution to do so, has undertaken to construct and maintain a state system of highways and has provided funds for that purpose. In order to carry that work forward it has created a quasi-corporate body and given it the powers, duties and responsibilities necessary for that purpose, and with respect to such work and contracts made in relation thereto it has specifically authorized that unit of government to be sued; hence, if it be an action against the state, the state, by appropriate legislative action, has given its consent to the suit." (l. c. 654.),

At a later point the court discussed the limited liability for tort, and stated that liability on tort and on contract was distinct. We need not further pursue that phase, nor a considered contention that liability was limited to certain specified contracts, which contention was not sustained.

Attention is directed briefly to *Payne v. State Highway Comm.*, 136 Kan. 561, 16 P. 2d 509, which was an action in tort. Reference is made to the opinion for the facts. A contention was there made that the highway statutes contained a general consent to sue the commission, in tort as well as on contract. In answering that contention it was said, in part:

"The constitution authorizes the state to construct and maintain a state system of highways and to levy certain special taxes therefor. (Art. 11, §§ 8, 9.) It was necessary, to execute the authority thus granted, for the legislature to create a body corporate to construct and maintain a system of highways. To accomplish this end it was necessary that such body corporate should have the right to make contracts binding upon itself, which of necessity subjected it to the power of the court to compel performance. The right to sue and be sued under such circumstances was necessarily implied under the power granted, and the express authority contained in the act cannot be interpreted as extending the consent to be sued in tort. This is made clear by the fact that in the same act the legislature definitely provided under what circumstances the commission might be sued in tort. (R. S. 1931 Supp. 68-419.)" (l. c. 566.)

In *Barker v. Hufty Rock Asphalt Co.*, 136 Kan. 834, 18 P. 2d 568, recovery was denied for other reasons, but it was there said:

"Has consent been given in the case where state warrants are attached as in the present case? It has given consent for suits brought on contracts made in behalf of the state, for the purposes named in the act, by the state highway commission in the construction and maintenance of the state highway. That was determined in *McCandliss v. Neosho County Comm'rs*, 132 Kan. 651, 296 Pac. 720, where it was said:" (quoting from that case.) (1. c. 836.)

And see, also, *State, ex rel., v. State Highway Comm.*, 138 Kan. 913, 917, 28 P. 2d 770; *Rome Mfg. Co. v. State Highway Comm.*, 141 Kan. 385, 387, 41 P. 2d 761; *Provident Mutual Life Ins. Co. v. Johannes*, 148 Kan. 274, 81 P. 2d 6.

It appears from what has been said that if plaintiff and those in whose behalf she acts were the owners of lands subject to condemnation for highway purposes, and such lands were taken by the commission and used by it in a state highway improvement without formal condemnation proceedings being had by the commission, nevertheless the commission is under an implied contractual obligation to pay to the owners the reasonable value of any lands so taken without condemnation; that the taking of such lands and their use in the improvement of the state highway system were a part of the power and duty of the commission under the statute creating it, and that the taking and use created a contract the commission was authorized to make and in respect to which the legislature has given its consent the commission may be sued. It follows plaintiff had a plain and adequate remedy at law available immediately after the taking and use and is therefore not entitled to a writ of mandamus.

In view of our conclusion we need not discuss other matters mentioned in the briefs.

The writ of mandamus prayed for is denied.