**STAMEY et al. v. STATE HIGHWAY COMMISSION OF KANSAS et al.**

·Civ. No. 6051.

District Court, D. Kansas, First Division.
April 12, 1948.

Tincher, Raleigh & Tincher, of Hutchinson, Kan., and Cunningham, Walker & Cunningham, of Arkansas City, Kan., for plaintiffs.

Douglas Hudson, of Fort Scott, Kan., and Taylor, Anderson & Steinrauf, State Highway Commission, of Topeka, Kan., for defendants.

BROADDUS, District Judge.

1. The plaintiffs, Cleve Stamey of the State of Kansas and Thomas Stamey of Oklahoma, a copartnership with its principal place of business within Kansas, bring this action against the State Highway Commission of the State of Kansas under the

provisions of 28 U.S.C.A. § 400, for a declaration of the rights and obligations of the parties under a certain contract for highway construction let to plaintiff in 1941, and halted thereafter by a stop order issued by the War Production Board. The theory presented by the plaintiffs is that this is an action arising under the Constitution or laws of the United States, since one construction of the stop order will sustain the contention of plaintiff, and an opposite construction will defeat it.

2. The State Highway Commission of Kansas is a body corporate created by statute, and given power to sue or be sued. General Statutes of Kansas, 1935, section 74-2001. Among its enumerated statutory powers is the authority, and duty to enter into, perform and require the performance of all contracts incident to the construction of the highway system. General Statutes of Kansas, 1935, section 68-407.

Conclusion of Law.

 A. The State Highway Commission of Kansas is an arm of the state performing a state function and is not a separate entity. An action against the Commission concerning its statutory duties is, therefore, an action against the State of Kansas. Verdigris River Drainage District v. City of Coffeyville, 149 Kan. 191, 86 P.2d 592; American Mutual Liability Insurance Co. v. Highway Commission, 146 Kan. 239, 69 P.2d 1091; Gresty v. Darby, 146 Kan. 63, 68 P.2d 649; Rome Manufacturing Co. v. Highway Commission, 141 Kan. 385, 41 P.2d 761; McCandliss Construction Co. v. Board of County Commissioners of Neosho County, 132 Kan. 651, 296 P. 720. The action being against the state, it may not be maintained in the Federal Courts solely upon the ground that it is one arising under the Constitution or laws of the United States. U.S.C.A.Constitution, Amendment XI, Hans v. State of Louisiana, 134 U.S. 1, 10 S.Ct. 504, 33 L. Ed. 842; In re Ayers, 123 U.S. 443, 8 S.Ct. 164, 31 L.Ed. 216; State of Missouri v. Fiske, 290 U.S. 18, 54 S.Ct. 18, 78 L.Ed. 145. While the immunity of a state against suit may be waived by statutory authority of the state (Great Northern Life Insur-

ance Co. v. Read, 322 U.S. 47, 64 S.Ct. 873, 88 L.Ed. 1121; State of Missouri v. Fiske, supra; Dunnuck v. State Highway Commission, D.C. Kan., 21 F.Supp. 882) such waiver may be limited to the type of action and restricted to the courts of the state. Smith v. Reeves, 178 U.S. 436, 20 S.Ct. 919, 44 L.Ed. 1140; Chandler v. Dix, 194 U.S. 590, 24 S.Ct. 766, 48 L.Ed. 1129; Great Northern Life Insurance Co. v. Read, supra; Kennecott Copper Corp. v. Tax Commission, 327 U.S. 573, 66 S.Ct. 745, 90 L.Ed. 862. The waiver will not be extended as permitting suits in the Federal Courts unless the statute clearly so indicates. Great Northern Life Insurance Co. v. Read, supra; Kennecott Copper Corp. v. Tax Commission, supra; Ford Motor Co. v. Dept. of Treasury, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389. The authority to sue or be sued of the Kansas statute, when considered with the restrictions as to the type of action and venue, may not be construed as authorizing actions against the Commission in the Federal Courts.

 The action is not of the class of cases against a state officer in his individual character, seeking to restrain such individual from enforcing an allegedly unconstitutional state statute, or in acting in excess of the authority of a valid state statute in violation of the privileges, immunities or rights of a citizen of the United States under the XIV Amendment to the Constitution, which are not suits against the state. See Sterling v. Constantin, 287 U.S. 378, 53 S.Ct. 190, 77 L.Ed. 375; Truax v. Raich, 239 U.S. 33, 36 S.Ct. 7, 60 L.Ed. 131, L.R.A.1916D, 545, Ann.Cas. 1917B, 283; Philadelphia Co. v. Stimson, 223 U.S. 605, 32 S.Ct. 340, 56 L.Ed. 570; Pennoyer v. McConnaughy, 140 U.S. 1, 11 S.Ct. 699, 35 L.Ed. 363; Smyth v. Ames, 169 U.S. 466, 18 S.Ct. 418, 42 L.Ed. 819. For here the result sought in the action affects the pecuniary liability of the state and is a suit against the state (Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714, 13 L.R.A.,N.S., 932, 14 Ann.Cas. 764; Ex Parte Ayers, supra; Worcester County Trust Co. v. Riley, 302 U.S. 292, 58 S.Ct. 185, 82 L.Ed. 268; Ford Co. v. Dept. of Treasury, supra; Kennecott Copper Corp.

v. Tax Commission, supra; Mine Safety Appliances Co. v. Forrestal, 326 U.S. 371, 66 S.Ct. 219, 90 L.Ed. 140); and the Commission has neither threatened or committed a wrong against the person or. property of the complainants so as to subject the members to the accusation of proceeding without authority of law, and hence within their individual capacity as distinguished from their official character. Fitts v. McGhee, 172 U.S. 516, 19 S.Ct. 269, 43 L.Ed. 535; Southern Pacific Co. v. Conway, 9 Cir., 115 F.2d 746.

### Identification of Parties.

The plaintiffs will be referred to as Stamey or the Construction Company, the defendant, the State Highway Commission of Kansas, as the Commission and the defendant, the Western Casualty and Surety Company, as the Casualty Company.

### The Contract of Stamey with the Commission, Its Partial Performance and the Order of the War Production Board Stopping Further Work Under the Contract.

3. Stamey was a successful bidder with the Commission on certain grade and bridge work identified as Project No. 96-5 FA 537-F (1) to be performed for the Commission and to be paid for in part with Federal Aid Funds. Being the successful bidder, Stamey accepted the contract which was prepared by the Commission and formally signed and became effective as of December 10, 1941. In this contract the first party was identified as the Commission and the second party as Stamey, and it was signed in the same fashion. The Casualty Company was the surety of Stamey for the faithful performance of the work and for the payment for materials furnished upon the project, having signed a contract or bond to that effect as required by the laws of Kansas. The contract was executed after the effective date of the Act of June 28, 1940, 54 Stat. 676, 50 U.S.C.A.Appendix, § 1151 et seq., and provided that the contract should at all times observe and comply with the Federal and State laws, orders or decrees then existing and those thereafter executed, ordered or decreed.

4. Stamey, within the time named in the contract, undertook its performance and while so engaged was forbidden to continue with the project by a stop order issued by the War Production Board of the United States on December 19, 1942. The order forbade the performance of any further construction or installation on the project and the delivery or acceptance of materials. The order could not be violated during its effective period and both the Commission and Stamey ceased any further work upon the project.

5. Almost four years later, on August 7, 1946, the Commission served notice on the Construction Company to proceed within ten days to perform the contract or that the Commission would hold Stamey and its surety for substantial penalties and damages pursuant to the terms thereof. The Construction Company and the Surety failed to comply with the order and are now being subjected to a claim or demand of the Commission for a sum exceeding $40,000. The claim of the Commission flows from the re-letting of the work of the project and is for the difference in the cost of the plaintiffs' contract with the Commission and the contract on re-letting.

### Conclusion of Law.

B. The Act of June 28, 1940, c. 440, 54 Stat. 676, as amended September 9, 1940 by c. 717, Title II, Sec. 201, 54 Stat. 875, by the Act of May 31, 1941, c. 157, 55 Stat. 236 and by the Act of March 27, 1942, c. 199, Title III, Sec. 301, 56 Stat. 177 empowered the President of the United States, within his discretion, to give priority of delivery of materials to the performance of contracts of the Navy or Army over deliveries for private accounts or for export. Act of June 28, 1940, c. 440, Title I, Sec. 2, 54 Stat. 676, 50 U.S.C.A.Appendix, § 1152. Second War Powers Act, c. 199, Title III, Sec. 301, 56 Stat. 177, 50 U.S.C.A. Appendix, § 633. The administration or the power to determine priority was delegated to the War Production Board acting through its duly designated officers by Executive Order Numbered 9024, January 16, 1942; 9040, January 24, 1942, Code of Fed-

eral Regulations, Cumulative Supplement, Title 3, p. 1079, p. 1082. The stop order was duly issued pursuant to such authority and was a valid order.

No person shall be held liable for damages or penalties for any default under any contract or order which shall result directly or indirectly from compliance with any order of the War Production Board. 50 U.S.C.A.Appendix, § 633(7). The performance of the contract was impossible under the stop order of an authorized governmental agency and the parties were thereby discharged from its performance. See Edward Maurer Co. v. Tubeless Tire Co., 6 Cir., 285 F. 713, affirming, D.C., 272 F. 990. Even in the absence of a statutory provision releasing the parties from liability for failure to perform contracts because of conditions of war there is sound reason to release the parties from the bargain under such circumstances if the parties may be materially affected thereby so as to increase or decrease the obligation of the parties. Allanwilde Transport Corporation v. Vacuum Oil Co., 248 U.S. 377, 39 S.Ct. 147, 63 L.Ed. 312, 3 A.L.R. 15; Neumond v. Farmers' Feed Co., 244 N.Y. 202, 155 N.E. 100; Ganley v. Wallace, D.C.D.C., 17 F.Supp. 115; Williston on Contracts, Vol. VI, Sec. 1748, p. 4947, sec. 1938, p. 5425; New York Life Ins. Co. v. Statham, 93 U.S. 24, 23 L.Ed. 789; Restatement Contracts, Sec. 462; U.S. v. Dietrich, C.C., 126 F. 671. Parties to a contract are not liable for failure to perform where a subsequent enactment or change of the law makes its performance unlawful. Wischusen v. American Medicinal Spirits Co., Inc., 163 Md. 565, 163 A. 685; Williston on Contracts, Vol. VI, Sec. 1938, p. 5425. The contract was terminated by the stop order and Stamey may not be held for damages or penalties for failure to perform.

The court is without jurisdiction and for that reason the cause will be dismissed. The facts excusing performance by Stamey were found in order to permit a final determination of the cause on appeal.

Judgment will be entered dismissing the cause as of the date of the filing of these findings and conclusions, this the 12th day of April, 1948.