O'NEILL v. EARLY et al.

No. 6604.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 8, 1953.

Decided Nov. 9, 1953.

Booker T. Smalley and Leon A. Ransom, Washington, D. C. (Willis C. Payton, Washington, D. C., on the brief), for appellant.

James H. Simmonds, Arlington, Va., for appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is an appeal from an order dismissing an action brought by a school teacher against the Superintendent of Schools and the School Board of Arlington County, Virginia. The complaint alleges that the school board is an administrative department of the State of Virginia discharging governmental functions and that the superintendent of schools holds office under the Constitution and laws of Virginia as an administrative officer of the free public school system of the state and is sued in his official capacity. Recovery in the sum of $85,000 is asked on the ground that the defendants were guilty of breach of contract in failing to reemploy plaintiff as a teacher in the schools. The answer of defendants denies the allegations as to breach of contract and denies the jurisdiction of the court on the ground that the acts alleged were done in the performance of governmental functions for the State of Virginia. The District Judge after hearing the evidence of plaintiff dismissed the case, holding that no breach of contract had been shown and that it could not be maintained as a suit in tort against a state agency or a state officer in his official capacity.

It appears that plaintiff was employed as a teacher for the school year 1950–1951 and was not reemployed at the expiration of the contract. She claims that she was entitled to reemployment by reason of a statement in the teachers' handbook issued by the board to the effect that, although Virginia statutes require

that teaching contracts be made for one year at a time, it is the policy of the board that such contracts will be automatically renewed as long as the teacher's professional services have been fully satisfactory. The evidence is that plaintiff's contract was not renewed because of an unfavorable report on her work made by one of the teacher supervisors, following which the superintendent did not recommend her to the board for re-employment and her contract was accordingly not renewed.

We think it clear that the view of the judge below that no cause of action either in contract or in tort had been established was correct; but we think that the dismissal of the action must be sustained, not on that ground, but for the reason that it was brought in contravention of the Eleventh Amendment to the Constitution of the United States, which provides:

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State."

This is not a suit against a municipal corporation[1] or against officers of the state as individuals, but against an agency of the state, sued as such, and an officer of the state sued in his official capacity. Its purpose is to obtain a judgment which will establish a liability of the state and will be payable out of public funds controlled by defendants in their supervision of the state's educational system. It is perfectly clear that such a suit is one against the state which falls within the inhibition of the Eleventh Amendment. Kennecott Copper Corp. v. State Tax Commission, 327 U.S. 573, 66 S.Ct. 745, 90 L.Ed. 862; Ford Motor Co. v. Department of Treasury of State of Indiana, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389; Great Northern Life Ins. Co. v. Read, 322 U.S. 47, 64 S.Ct. 873, 88 L.Ed. 1121; In re State of New York, 256 U.S. 490, 41 S.Ct. 588, 65 L. Ed. 1057; Murray v. Wilson Distilling Co., 213 U.S. 151, 168–170, 29 S.Ct. 458, 53 L.Ed. 742; Smith v. Reeves, 178 U.S. 436, 439, 20 S.Ct. 919, 44 L.Ed. 1140; Pennoyer v. McConnaughy, 140 U.S. 1, 11 S.Ct. 699, 35 L.Ed. 363; Hagood v. Southern, 117 U.S. 52, 68, 6 S.Ct. 608, 29 L.Ed. 805; State of Louisiana ex rel. Elliott v. Jumel, 107 U.S. 711, 720, 2 S.Ct. 128, 27 L.Ed. 448. As said by Mr. Justice Reed in Great Northern Life Ins. Co. v. Read, supra [322 U.S. 47, 64 S.Ct. 875]: "Efforts to force, through suits against officials, performance of promises by a state collide directly with the necessity that a sovereign must be free from judicial compulsion in the carrying out of its policies within the limits of the Constitution." And in In re State of New York, supra [256 U.S. 490, 41 S.Ct. 590], Mr. Justice Pitney stated the rule as follows:

"As to what is to be deemed a suit against a state, the early suggestion that the inhibition might be confined to those in which the state was a party to the record (Osborn v. [President, etc., Bank of] U. S., 9 Wheat. 738, 846, 850, 857, 6 L.Ed. 204) has long since been abandoned, and it is now established that the question is to be determined not by the mere names of the titular parties but by the essential nature and effect of the proceeding, as it appears from the entire record. (Citing cases.)

"Thus examined, the decided cases have fallen into two principal classes, mentioned in Pennoyer v. McConnaughy, 140 U.S. 1, 10, 11 S.Ct. 608 [699] (35 L.Ed. 363): 'The first class is where the suit is brought against the officers of the state, as representing the state's action and liability, thus making it, though not

---

1. For distinction see Nelson County v. Loving, 126 Va. 283, 101 S.E. 406; Fry v. County of Albemarle, 86 Va. 195, 9 S.E. 1004, 1005, 19 Am.St.Rep. 879; The West Point, D.C., 71 F.Supp. 206.

a party to the record, the real party against which the judgment will so operate as to compel it to specifically perform its contracts (citing cases). The other class is where a suit is brought against defendants who, claiming to act as officers of the state, and under the color of an unconstitutional statute, commit acts of wrong and injury to the rights and property of the plaintiff acquired under a contract with the state. Such suit * * * is not, within the meaning of the Eleventh Amendment, an action against the state.' The first class, in just reason, is not confined to cases where the suit will operate so as to compel the state specifically to perform its contracts, but extends to such as will require it to make pecuniary satisfaction for any liability. Smith v. Reeves, 178 U.S. 436, 439, 20 S.Ct. 919, 44 L.Ed. 1140."

See also William C. Popper & Co. v. Pennsylvania Liquor Control Board, D. C., 16 F.Supp. 762; Stamey v. State Highway Commission of Kansas, D.C., 76 F.Supp. 946.

 The fact that the state has authorized the defendant school board to sue and be sued is immaterial, since it has not consented to suit in the federal court. Kennecott Copper Corp v. State Tax Commission, supra, 327 U.S. 573, 66 S.Ct. 745, 90 L.Ed. 862; Ford Motor Co. v. Department of Treasury of State of Indiana, supra, 323 U.S. 459, 465, 65 S. Ct. 347, 89 L.Ed. 389; Great Northern Life Ins. Co. v. Read, supra, 322 U.S. 47, 54, 64 S.Ct. 873, 88 L.Ed. 1121; Southern Ry. Co. v. Query, D.C., 21 F.2d 333, 344. Even if it had consented to be sued in the federal court, jurisdiction is lacking since no federal question is involved and there is no diversity of citizenship in a suit which, although nominally against state agencies and officers, is in reality a suit against a state. State Highway Commission v. Utah Construction Co., 278 U.S. 194, 199–200, 49 S.Ct. 104, 73 L.Ed. 262; State of North Dakota v. National Milling & Cereal Co., 8

Cir., 114 F.2d 777; Kansas City Southern Ry. Co. v. Morley, D.C., 88 F.Supp. 300.

The order dismissing the action will accordingly be affirmed, not as a dismissal on the merits, but for lack of jurisdiction.

Affirmed.