274

No. 33,861

THE PROVIDENT MUTUAL LIFE INSURANCE COMPANY, *Appellee*, v.
JOHN G. JOHANNES et al. (*Defendants*), THE STATE HIGHWAY
COMMISSION OF THE STATE OF KANSAS, *Appellant.*

(81 P. 2d 6)

Opinion
filed July 9, 1938.

*Lester M. Goodell,* assistant attorney general, *Woodrow B. Morris,* of Oxford, and *C. C. Casey,* of Topeka, for the appellant.

*Walker F. Means,* of Hiawatha, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action to foreclose a mortgage and to quiet title to real estate. The state highway commission was named as one of the defendants. It filed a demurrer to the petition. This demurrer was overruled. The state highway commission appeals.

The petition contained the necessary allegations as to the execution of the note and mortgage and that it became in default. It also contained the following allegations:

"That the defendant, state highway commission of Kansas, claims some right, title or interest in and to said described real estate by virtue of a deed for highway purposes, which deed is recorded in the office of the register of deeds of Atchison county, Kansas, in volume 213, at page 31, of the records of said office, but that whatever right, title or interest said defendant may have or claim by virtue of said deed for highway purposes is junior and inferior to the lien of this plaintiff's mortgage."

The petition also contained the following:

"That the plaintiff is entitled to have its title quieted against the defendants, John G. Johannes and Tilde G. Johannes, his wife, Evilin G. Johannes and —— Johannes, his wife, whose more full and true name is unknown; state highway commission of Kansas, and Delaware drainage district No. 2, Atchison county, Kansas, save and except the right of redemption prescribed by law to said defendant, Evilin G. Johannes."

The prayer of the petition was that this mortgage be foreclosed and the land sold and the proceeds applied in the usual way, and that the title of the plaintiff be quieted against all of the defendants, including the state highway commission. The state highway commission demurred to this petition, for the reason that it did not state facts sufficient to constitute a cause of action; that the action was prematurely brought and that the trial court was without jurisdiction of the subject matter or of the person of the defendant. This demurrer was overruled, and the state highway commission appeals from that judgment.

The only question argued by the state highway commission on the appeal is that the action could not be maintained because it was in effect against the state, that the state could not be sued without its consent and the state had not consented to be sued in a foreclosure action or an action to quiet title.

The first two propositions are generally conceded; that is, an action against the state highway commission is an action in effect against the state, and such an action cannot be maintained without the consent of the state.

The question with which we shall deal is whether the state has consented to be sued in an action to quiet title where the state highway commission has taken title to land for highway purposes.

At the outset we should note that the first provision in the act under which the state highway commission is now operating is as follows:

"That there is hereby created a state highway commission which shall be a body corporate with powers to sue and be sued." (See G. S. 1935, 74-2001.)

The question is whether an action to quiet title is the sort of action contemplated by the above statute.

In *McCandliss Construction Co. v. Neosho County Comm'rs,* 132 Kan. 651, 296 Pac. 720, an action had been brought against the board of county commissioners of Neosho county and the state highway commission on a balance claimed to have been due the plaintiff under a contract entered into between the plaintiff and the board of county commissioners for the grading and hard surfacing of a road in the county which was a part of the state highway system. The situation arose out of the action of the state highway commission in assuming on April 1, 1929, the rights and liabilities of the various counties on all existing contracts for the construction, improvement and reconstruction or maintenance of state highways. This action

was taken by the state highway commission pursuant to the provisions of chapter 225 of the Laws of 1929. The state highway commission contended that the action was against the state and that the state had not consented that it be sued in such an action. In dealing with that contention this court said:

"Here, the state, being authorized by the constitution to do so, has undertaken to construct and maintain a state system of highways and has provided funds for that purpose. In order to carry that work forward it has created a quasi-corporate body and given it the powers, duties and responsibilities necessary for that purpose, and with respect to such work and contracts made in relation thereto it has specifically authorized that unit of government to be sued; hence, if it be an action against the state, the state, by appropriate legislative action, has given its consent to the suit."

In *Rome Mfg. Co. v. State Highway Comm.*, 141 Kan. 385, 41 P. 2d 761, a replevin action had been brought to get possession of a road grader which had been sold to an individual on payments, with a provision that title should remain in the seller until the payments were made. In some way the grader came into the possession of the state highway commission. When the payments were not made the replevin action was brought and the commission was made a party. The commission demurred to the petition on the ground that the action was in effect one against the state, which the state had not consented could be brought. This contention was upheld. (See, also, *Barker v. Hufty Rock Asphalt Co.*, 136 Kan. 834, 18 P. 2d 568.)

The story about the highway amendment to the constitution and the enactment of chapter 225 of the Laws of 1929 in pursuance thereof is an oft-told tale in the reports of this court. Pursuant to its enactment the state highway commission is operating in every county in the state and in nearly every town or city. It is doing away with grade crossings, rounding off square corners, leveling off the hills, filling up the valleys, and carrying on in general a program of road construction throughout the state. This activity causes it to come in contact with the people in relation to the title of land in many cases. G. S. 1935, 68-413, provides as follows:

"That the state highway commission, *in the name of the state, may acquire title by purchase,* donation or dedication or by the exercise of the right of eminent domain, *to any lands or interest or rights therein,* to water, gravel, stone, sand or other material, or to spoil banks or to borrow pits necessary for the construction, improvement, reconstruction, maintenance or drainage of the state highway system, or to rights of way giving access to spoil banks or borrow pits or any bed, pit, quarry or other place where gravel, stone, water or other material required in the construction, improvement, reconstruction, mainte-

nance or drainage of the state highways may be located. The right of eminent domain when exercised as herein provided shall be in accordance with the provisions of article 1, chapter 26 of the Revised Statutes of 1923, and in addition to the notice required therein all lien holders of record of the condemned land must also be notified. The state highway commission may dispose of any real estate, or any right, title or degree or variety of interest therein as it may deem expedient or necessary whenever the commission determines that such real estate, or interest therein, is no longer needed or used for highway purposes, and may exchange the right of way to be abandoned for new and other right of way: *Provided,* That when any road on the state highway system is vacated the lands or interest or rights therein acquired by the state highway commission for right of way under the provisions of this section, unless disposed of as above provided, shall revert to the present owners of the land of which it was originally a part." (Italics ours.)

It will be noted that the highway commission may acquire land for highway purposes by purchase, donation, dedication or by the exercise of the right of eminent domain. As a matter of practical application we all know that this statute is often invoked where the commission sees fit to change the location of a portion of the state highway system.

It will be noted the statute provides that the commission may dispose of any land, title to which is taken pursuant to it, as the commission may deem expedient whenever the commission determines that such real estate or interest therein is no longer needed or used for highway purposes. The statute next provides that when any road on the state highway system is vacated the lands or interest therein acquired by the state highway commission, unless disposed of as the statute provides, shall revert to the owners of the land at the time the highway is vacated.

It will be noted the petition in this case alleged that the commission claimed an interest in this property on account of a deed for highway purposes and that the interest thus acquired was junior to the lien of plaintiff. No copy of this deed was attached to the petition. However, a copy of it is attached to a brief furnished by plaintiff. This deed conveyed about three acres of land to the commission. It also contained the following clause:

"It is understood and agreed that the party of the second part shall use said real estate in the construction, improvement, reconstruction, maintenance and drainage of the state highway system, and should the road for the right of way of which said real estate or any part thereof is acquired by this deed, be vacated, the lands or interest or rights therein acquired . . . by the party of the second part for right of way shall revert to parties of the first part, their heirs, successors or assigns, unless same shall have been disposed of by

the party of the second part under the authority of section 14, House bill No. 210, session of the legislature, 1929."

The deed also warranted the title to be in the grantors, subject to the mortgage sought to be foreclosed in this action.

In this case it appears the commission is acquiring small pieces of real estate in many parts of the state. It is permitted to sell and exchange them whenever in the discretion of the commission that is the expedient thing to do. There is hardly anything more important than the regularity of titles to real estate. Constant vigilance is necessary to safeguard them from becoming clouded.

We are not concerned at this time with the question of the relief to which the plaintiff is entitled. The sole question before us is whether the demurrer should have been sustained on the ground that the state had not consented to be sued. On this question we have concluded that the action is one the state has consented might be brought and the demurrer of defendant highway commission to the petition was correctly overruled.

The judgment of the trial court is affirmed.