No. 33,914

THE LAWRENCE BUILDING AND LOAN ASSOCIATION, INC., *Appellee*, v. ALBERT B. TAYLOR et al. (*Defendants*); WILLIAM TAYLOR, *Appellant*.

(81 P. 2d 15)

Opinion filed July 9, 1938.

*Forrest A. Jackson,* of Lawrence, for the appellant.

*C. C. Stewart* and *Olin K. Petefish,* both of Lawrence, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This was an action against several defendants to quiet title to a certain tract of land alleged to be owned by the plaintiff, and the petition further alleged that William Taylor, one

of the defendants, claimed some right, title or interest in a certain part of said land described as a strip three rods wide, but that he had not been in possession of the same until a few weeks prior to the filing of the petition, and that he and his son, Albert B. Taylor, were forcibly holding possession of the entire tract, for which wrongful possession the plaintiff claimed damages, and also prayed for possession and that plaintiff's title be quieted.

The defendant, William Taylor, filed an answer in the form of a general denial except that he alleged ownership of an undivided one-half interest in the three-rod strip described in the petition, and that he was entitled to possession of the same, and prayed for a judgment quieting his title thereto. To this answer the plaintiff replied admitting the execution of the deed to William Taylor, which conveyed an undivided one-half interest in the three-rod strip, but denying the defendant's possession and claim of ownership of said strip, alleging that the only possession said defendant ever had thereof was jointly with the plaintiff and its predecessor in title, Albert B. Taylor; that the entire tract, including the three-rod strip, had been in the possession of Albert B. Taylor and was claimed to be owned by him who, with the knowledge of defendant William Taylor, mortgaged the entire tract, including the three-rod strip, as the owner thereof, to the plaintiff association, and with the borrowed money constructed a house protruding over on the three-rod strip about four feet, and erected certain outbuildings entirely upon the three-rod strip; that the mortgage, becoming in default, was foreclosed, and the entire property was purchased by the plaintiff at sheriff's sale.

The reply concluded with a prayer for relief in three ways: (1) quieting title in plaintiff; (2) if William Taylor is found to have an undivided one-half interest in this three-rod strip, that the court determine the value of his interest and direct him to convey such interest to plaintiff upon being paid such amount; and (3) that the court determine the value of the land and the improvements and that the land be partitioned. The defendant, William Taylor, moved the court to strike out the second and third prayer of the reply because of plaintiff's adopting a new and different basis for relief, which motion was overruled.

Plaintiff asked for the appointment of a receiver to look after the possession and rents and profits of the entire tract during the time of the litigation. A receiver was appointed and he, with the ap-

proval of the court, rented the entire property at a monthly rental, which was later divided by order of the court.

The court overruled the request of William Taylor for a trial by jury.

The only land involved in the case, as far as this appeal is concerned, is the three-rod strip, and William Taylor is the only defendant whose interests are here for consideration on this appeal.

The attorney for plaintiff made an opening statement to the court, which included the following sentence:

"Plaintiff is willing to concede that William Taylor has been the owner of an undivided one-half interest in the three-rod strip since 1914, and that he is the owner with the plaintiff."

At the close of the opening statement by the plaintiff's attorney, defendant, William Taylor, moved for judgment for him on the opening statement, which motion was overruled. In so ruling the court made the following remark:

"I think, under the statement and under the pleadings, that the building and loan association is the owner of an undivided one half of this three-rod strip, that William Taylor is the owner of the undivided one half of the three-rod strip. So you can start at that point."

The plaintiff introduced evidence as to value of the three-rod strip and the value of the improvements thereon, including the four-foot protrusion of the house and bay window across the east line of the strip, and also about the length of the strip being 102 rods, extending from the street on the north near the house to the river on the south, and the difficulty in making an equitable division thereof. At the close of the testimony of the plaintiff the defendant demurred thereto, which demurrer was overruled. The defendant stood on his demurrer and offered no evidence, and the court rendered judgment for plaintiff, finding that—

". . . the plaintiff and the defendant, William Taylor, are now each the owner of an undivided one-half interest in and to said three-rod strip, which land, with the improvements thereon, now have a value of $400, it being considered, however, that the small part of the residence mentioned which extends over upon said three-rod strip does not actually add anything to the value thereof."

And the court therefore ordered and decreed that the plaintiff pay into court for the benefit of William Taylor the sum of $200, and that upon its paying such sum into court its title in and to the three-rod strip be quieted against the defendant, William Taylor, and

made further orders about failure to convey and enjoining and restraining defendant and as to cost, from which judgment the defendant, William Taylor, appealed after the overruling of his motion for a new trial. During the progress of the trial the plaintiff dismissed its action against the two Taylors for damages on account of forcibly withholding possession of the property.

The appellant presents its views of the errors assigned and argues them under three subdivisions: First, in an action to quiet title and recover possession of real estate where the plaintiff and defendant are each the owners of an undivided interest in the property, does the court have jurisdiction to determine the value of defendant's interest and order him to convey to plaintiff upon being paid such value? Second, should the court have sustained the motion of defendant to strike out parts of the reply because of departure; and third, was defendant entitled to a jury trial? These points will be considered together, because some of the decisions cited apply to more than one of these points.

Appellant cites the statutes authorizing quieting-title actions, ejectment actions and actions in partition, and insists that the trial court's decision and ruling is not in accord with any of them. It is argued that the legislature has provided a procedure for each, and particularly for partition with reference to ascertaining the value of the property involved and affording both parties an opportunity to purchase, urging that at the time the house was built by Albert he owned an undivided one-half interest in the three-rod strip, and therefore the building of the house over on this strip by four feet was no encroachment. Among the cases cited by appellant was *Atkinson v. Crowe,* 80 Kan. 161, 106 Pac. 1052, which was an injunction action brought by the lessee of the mineral rights to restrain the landowner from preventing the lessee's going upon the land to remove the minerals thereunder. The landowner claimed the remedy sought could only be obtained by an action in ejectment, and therefore demurred to the injunction petition. After it was overruled the landowner filed an answer and demanded a jury, which was denied. On appeal it was held:

"In an action commenced for the purpose of settling disputed questions of title to real estate, and to recover the possession thereof, either party is entitled to a jury as matter of right, regardless of the form in which the action may be brought." (Syl. ¶ 1.)

In the opinion it was said:

"The rule that actions for the trial of title to real estate shall be tried to a jury has always been favored, and with practical unanimity has been upheld by the courts. The difficulty encountered in the enforcement of this rule consists chiefly in determining whether or not the action under consideration comes within the rule. The test upon this question which has been generally followed is that, where the real object of the action, whatever its form, appears to be to settle a disputed question of title, then either party may demand a jury as matter of right; if, on the other hand, the purpose is to obtain proper equitable relief, then the chancellor may administer it, even though it involves an examination of title." (p. 165.)

In the case at bar there is no dispute as to title. Plaintiff and defendant each own an undivided one-half interest in the title, and the question involved is the equitable relief which the opinion above quoted says the chancellor may administer. Strictly speaking, the pleadings may have put in issue the question of title, but whatever there may have been along that line was removed by the opening statement of counsel for plaintiff. So before any evidence was introduced there was no dispute as to title.

Appellant urges there was a departure in the reply wherein it asked, in addition to quieting title, that the actual value of the interest of defendant be determined and paid to him upon conveyance of his interest to plaintiff, and also for partition, these three pleas and prayers being in the alternative. Appellant cites several cases criticizing departure in pleadings, but none of them are in cases where partition is held to be a departure from an action to quiet title where there is no dispute as to title and no palpable inconsistency between the earlier and later pleadings. Among other cases cited is *Armstrong v. Lough,* 128 Kan. 167, 277 Pac. 51.

The case of *Gordon v. Munn,* 83 Kan. 242, 111 Pac. 177, is cited as to the right of trial by jury in a partition case. The opinion in this case refers to the Crowe case, and also comments on the rule in partition cases as follows:

"In an action of partition where, as in this case, the issues disclose the real controversy to be as to the title and possession of the real estate in controversy, that question must be tried to a jury if either party so desire." (p. 245.)

As stated before in this opinion, we have here no controversy as to title and no controversy as to possession, but only as to the right of possession, which is very different as to facts and proof showing actual possession. Appellant cites the statute as to trial by jury,

G. S. 1935, 60-2903, where it requires that "issues of fact arising in actions for the recovery of money or of specific real or personal property shall be tried by a jury"; also the statutes as to procedure in partition actions, G. S. 1935, 60-2101 to 60-2114, which provide for the appointment of commissioners, report of commissioners, appraisal, election to take property, or sale of the same. The last section is as follows:

"The court shall have full power to make any order not inconsistent with the provisions of this article that may be necessary to make a just and equitable partition between the parties, and to secure their respective interests."

In the case of *Fisher v. Rakestraw et al.*, 117 Kan. 441, 232 Pac. 605, which was an action growing out of a disagreement as to the exchange of property, it was held:

". . . that the action being essentially one for equitable relief, a jury trial was not demandable as a matter of right, notwithstanding the facts pleaded by defendant to support his setoff and counterclaim, if involved in an ordinary action at law, might have been justiciable before a jury as a matter of right." (Syl. ¶ 2.)

In the case of *Spena v. Goffe*, 119 Kan. 831, 241 Pac. 257, which was an action by a stockholder of a dissolved corporation against trustees concerning the sharing in the distribution, it was held to be an equitable action and that in equity a party is not entitled to a trial by jury as a matter of right.

In the case of *Houston v. Goemann*, 99 Kan. 438, 162 Pac. 271, which was one to cancel a deed and determine the rights of claimants to real property, it was held that it was an equitable action and that a trial by jury was not demandable.

The case of *Brush v. Boyer*, 104 Kan. 168, 178 Pac. 445, was one to establish and enforce a trust in lands and to compel a conveyance, and it being an equitable action the parties were not entitled to demand a jury.

In the case of *Banner v. Welch*, 115 Kan. 868, 225 Pac. 98, it was held:

"In a suit in equity to establish an interest in specific real property and for appropriate relief, the court, having acquired jurisdiction of the parties and of the subject matter, and having found that plaintiff has a specific interest in the property, has power to so frame its decree as to meet the exigencies of the situation and to reach the ends of justice." (Syl. ¶ 2.)

It was held in the case of *Walker v. Rooney*, 135 Kan. 158, 9 P. 2d 973, that—

"In an action to determine the rights of the parties in certain real property, the record is examined, and it is held that the court, in ruling upon questions of law prior to the trial of the action on the facts, correctly ruled: (1) That plaintiff's cause of action to quiet title was not barred by the statute of limitations; (2) since defendant asked that his title be quieted, the question of which party was in possession did not affect the jurisdiction of the court; and (3) that under the pleadings the court could determine all questions suggested with respect to rights of the parties in the property." (Syl.)

The fourth cause of action in this case was to quiet title generally, and in that connection it was said in the opinion:

"Plaintiff did not allege she was in possession of the property, hence did not bring herself within R. S. 60-1801 relating to quieting title. But that section does not prohibit one out of possession from bringing an equitable action to quiet title in which all of the facts, so far as known to plaintiiff, are set up. (*Grove v. Jennings,* 46 Kan. 366, 26 Pac. 738; *Westbrook v. Schmaus,* 51 Kan. 558, 32 Pac. 892.)" (p. 162.)

Under these authorities and the allegations in the petition, answer and reply, it must be concluded that this was an equitable action commenced as one to quiet title, and the court having jurisdiction of the subject matter and the parties was not limited as to its right to determine without a jury the equitable interests and rights of the parties; and the allegations in the reply as to partition were not a departure from the allegations of the petition, nor did they change it from being an equitable action. We find no error in the rulings and judgment of the trial court.

The judgment is affirmed.