No. 35,345

THE PROVIDENT MUTUAL LIFE INSURANCE COMPANY OF PHILA-
DELPHIA, *Appellant*, v. THE STATE HIGHWAY COMMISSION OF
THE STATE OF KANSAS, *Appellee*.

(125 P. 2d 346)

Opinion filed May 9, 1942.

*Walker F. Means,* of Hiawatha, argued the cause, and *John S. Haney,* of Hiawatha, was on the briefs for the appellant.

*Edward Rooney,* of Topeka, argued the cause, and *Marc Boss,* assistant attorney general, *Otho Lomax, Jacob A. Dickinson* and *Edward Rooney, Jr.,* all of Topeka, were on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action for an injunction, and from a ruling sustaining defendant's demurrer to its petition the plaintiff appeals. For convenience the plaintiff appellant is hereafter referred to as the company and the defendant appellee as the commission.

Omitting all formal parts, the company in its petition alleged that on March 1, 1924, one John G. Johannes and wife were the owners of a certain quarter section of real estate in Atchison county, Kansas, and on that date they mortgaged the real estate to the company to secure payment of a certain promissory note; that while the mortgage was in full force and effect on August 13, 1929, Johannes and his wife delivered to the commission a deed conveying for highway purposes a tract of land consisting of a strip thirty-five feet in width and containing 3.133 acres, over and across the real estate first mentioned; that on October 15, 1938, the above mortgage was foreclosed in an action wherein the company was plaintiff and Johannes, the commission and other parties were defendants, and by the decree of foreclosure the commission was barred of all right, title or interest in and to the mortgaged real estate; that thereafter the real estate was sold at sheriff's sale to the company, the sale was confirmed and no redemption having been made, on May 31, 1940, a sheriff's deed was delivered to the company.

It was further alleged that, in spite of the fact that since May 31, 1940, the company had been the sole owner and holder of the real estate, the commission had trespassed and continued to trespass upon that part of the real estate included in the deed from Johannes to it and threatened to continue to trespass thereon by maintaining a highway thereon, by permitting the same to be used as a highway and by using the same for a highway; that the maintaining of the highway was a continuing trespass upon the property and rights of plaintiff; that it had no adequate remedy at law and was entitled to have the commission enjoined from continuing to trespass, etc., and it prayed for relief accordingly.

The defendant commission demurred on the grounds the petition failed to state facts sufficient to constitute a cause of action; because plaintiff had an adequate remedy at law; and because the

district court of Shawnee county was without jurisdiction of the subject matter.

The trial court, in ruling on the demurrer, pointed out no single ground, but sustained the demurrer generally.

We take up first the question of venue, and whether the court had jurisdiction of the subject matter. Under G. S. 1935, 74-2001, the commission is a body corporate with power to sue and be sued and, unless there is statutory provision to the contrary—and none applicable has been called to our attention—the only place where it can be sued is at the seat of the state government, that is, in Shawnee county. (See *Verdigris River Drainage Dist. v. City of Coffeyville,* 149 Kan. 191, syl. ¶ 2, 86 P. 2d 592; and cases cited; see, also, *City of Coffeyville v. Wells,* 137 Kan. 384, 20 P. 2d 477.) The relief sought in the present action is in personam, and if the company is entitled to such relief the proper forum is the district court of Shawnee county.

On the question whether the petition states a cause of action not much need be said. The commission, in support of the trial court's ruling and in arguing that the company had an adequate remedy at law by way of an independent action in ejectment or by procuring a writ of assistance in the original action, says the petition asserts that the company is the owner of the real estate and that it is entitled to its possession, and argues that what the company seeks is to have the court deliver possession. Under the allegations of the petition, in the foreclosure action the commission was adjudged to have no right in the mortgaged real estate, and that included the strip of land to which the commission had a deed, and when the land was sold the purchaser at the sheriff's sale and who later received the sheriff's deed got title to the whole of the real estate freed from any claim of the commission.

We are not impressed by the argument of the commission that the purchaser at the sale took with notice of the highway and was charged with knowledge that the quarter section was short and knew it was not purchasing the highway. That argument would be persuasive if the commission had not been a party to the foreclosure suit and had not been barred therein. Either it defaulted in the foreclosure suit or failed to maintain its right to the highway, but whatever may have been the situation, it was effectually barred. To now say that the commission has the same rights it would have

had had it not been a party or had it not been foreclosed, would be to ignore the force and effect of the judgment against it. In the situation here existing the maintenance and use of the highway constitutes a continuing trespass, and if there be no adequate remedy at law, injunction will lie. (*Webster v. Cooke,* 23 Kan. 637; *Mendenhall v. School District,* 76 Kan. 173, 90 Pac. 773; *Gano v. Cunningham,* 88 Kan. 300, 128 Pac. 372; and cases cited.)

The next question is whether the facts pleaded show that plaintiff had an adequate remedy at law. Ignoring the fact that it had been barred and foreclosed of any interest in the particular real estate, the commission directs our attention to *Atkinson v. Crowe,* 80 Kan. 161, 102 Pac. 50, 106 Pac. 1052, 39 L. R. A., n. s., 31, 18 Ann. Cas. 242; *Lawrence B. & L. Ass'n v. Taylor,* 148 Kan. 331, 81 P. 2d 15; and *Parris v. Oil Co.,* 108 Kan. 330, 195 Pac. 879; and argues this is an action for the purpose of settling a disputed question of title to real estate and to recover possession, and is in effect an action in ejectment in which it would be entitled to a trial by jury. The premise is wrong and the argument falls with it. So far as the petition discloses, the plaintiff has an indisputable claim to the real estate and its possession and is entitled to the aid of a court of equity. (See 19 Am. Jur. 122, § 120.) And because of the public interest involved, and presently to be mentioned, we do not believe that a writ of assistance in the foreclosure proceedings would have provided adequate relief.

If this action were solely between individuals and involved no matter of public interest, there would be no doubt but that the injunction sought should be granted. The company has invoked the jurisdiction of a court of equity and any relief granted must be such as the circumstances warrant and demand. The commission is a public corporation and generally all of the real estate which it may acquire is for highway right-of-way purposes. Under the allegations of the petition the piece of real estate here involved constitutes a part of the state highway system. Prior to August, 1929, the general statutes with respect to exercise of the right of eminent domain by those authorized did not require any notice to lienholders (see R. S. 26-101). It was not until 1935 that notice to lienholders was required (see G. S. 1935, 26-101), nor until 1937 that a lienholder had any right of appeal from an award made (see G. S. 1941 Supp. 26-102). Under the provisions of Laws 1929, chapter 225, section 14, the state highway commission was given an

express right to acquire real estate for highway purposes by purchase, donation, dedication or by the exercise of eminent domain in accordance with R. S. 26-101 *et seq.* The particular section was amended in 1931 to require notice to lienholders (see G. S. 1935, 68-413). We need not, however, treat at any length how good a right to the real estate described was acquired by the commission under the deed from Johannes and wife made in August, 1929, for in the foreclosure suit in 1938 the commission was properly made a party defendant (*Provident Mutual Life Ins. Co. v. Johannes,* 148 Kan. 274, 81 P. 2d 6) and ultimately it was barred of all right, title and interest in the entire tract of which the right of way was a part. Under the statutes above mentioned the commission has the power to now acquire a proper title to its right of way.

Although the commission has filed no answer in the present suit, it is clear that under present circumstances it may not assert any title in the particular strip of real estate described in the deed from Johannes. Were we to grant the specific relief prayed for, the effect would be to close the state highway until such time as the commission could exercise its right of eminent domain, where the only issue would be the amount of the award. In our judgment it is in the public interest no injunction should be granted, but that the cause should be remanded to the trial court in order that it may hear the evidence pertaining thereto and award to the company and against the commission such sum as the company is justly entitled to under the facts and circumstances.

The ruling of the trial court sustaining the demurrer to plaintiff's petition is reversed and set aside and the cause is remanded for further proceedings consistent herewith.