No. 32,014

H. M. Langworthy, as Receiver of the Kansas City Joint Stock Land Bank of Kansas City, Missouri, *Appellant*, v. Alfred G. Kadel and Freda M. Kadel, *Appellees*.

No. 32,015

Farm Mortgage Holding Company, *Appellant*, v. Edwin C. Thompson, Fannie I. Thompson et al., *Appellees*.

No. 32,016

Farm Mortgage Holding Company, *Appellant*, v. Charley Stoeber and M. Alice Stoeber, *Appellees*.

(39 P. 2d 443)

Opinion filed January 26, 1935.

*Leon W. Lundblade,* of Beloit, and *John F. Reinhardt,* of Kansas City, Mo., for the appellants.

*A. E. Jordan, Orin C. Jordan* and *Ralph H. Noah,* all of Beloit, for the appellees.

The opinion of the court was delivered by

Hutchison, J.: The appeal in these three cases, briefed and sub-

mitted together, is by the plaintiff mortgagees from a ruling of the trial court sustaining the motion of the mortgagor in each case to extend the time of redemption under the provisions of the moratorium law of 1934, being chapter 3 of the Laws of 1934, Special Session, effective March 3, 1934, and overruling the objections of the mortgagees in each case, which were made and filed as an answer to the motion.

The facts and dates are substantially the same in all three cases, but because of some differences we will limit our consideration to the first case, where Kadel and wife were the defendants or mortgagors, and later mention will be made of some of the differences as they apply to the other cases.

The motion in the Kadel case asked the court also to set aside and hold for naught the deed issued by the sheriff and placed of record. The answer, by way of objections to the motion of defendants, stated that the district court had issued a peremptory writ of mandamus against the sheriff, after a full hearing on the question, ordering him to issue his deed to plaintiff as purchaser under the foreclosure proceedings, and that no appeal was ever taken from such order. The answer contains further objections to the motion because the moratorium law of 1934, above referred to, and also the moratorium law of 1933 (ch. 232) are both unconstitutional and void for many reasons set out at length in the answer.

. The judgment of foreclosure in this case was rendered on July 7, 1931. Sheriff's sale was made to the plaintiff as purchaser on October 17, 1931. The sale was duly and regularly confirmed, and the eighteen-months period of redemption given expired April 17, 1933. A peremptory writ of mandamus was issued January 31, 1934, requiring the sheriff to execute and deliver a sheriff's deed to the purchaser, which he did on February 3, 1934, and it was duly recorded February 7, 1934. The peremptory writ recited that the second section of chapter 232 of the Laws of 1933, especially the extension of legislative power to the governor of the state, to further extend the moratorium for an additional period of six months, if in his judgment it was deemed necessary, was unconstitutional, void and inoperative. No appeal was taken from this ruling of January 31, 1934, and whether it was right or wrong, it was binding and conclusive in eliminating the extension attempted to have been made by the governor without which extension the moratorium period would have ended September 4, 1933.

The motion of the defendants Kadel was filed March 20, 1934, more than six months after the termination of the legislative extension under chapter 232 of the Laws of 1933, and seventeen days after the moratorium law of 1934 became effective on March 3, 1934. The motion and the objections thereto were heard by the district court at the April, 1934, term of district court.

The provisions of the moratorium law of March 3, 1934, being chapter 3 of the laws of that special session, do not apply here because section 2 thereof specifically makes it applicable only in cases where the redemption period or extension thereof has not expired or would expire in less than thirty days after the passage and approval of the act, which was March 2, 1934.

The ruling of April 20, 1934, in no way attempts to change or modify the ruling of January 31, 1934, ordering the sheriff to execute a deed and holding the governor's extension unconstitutional; neither is any fraud or any of the other grounds provided by statute for setting aside or modifying a court order set out in the motion of defendants.

We conclude that the mandamus order being binding and conclusive terminated the extension period long prior to the enactment of the new law of 1934 so that the new law does not apply, and the motion for a further extension thereunder should have been overruled.

In the second and third cases here under consideration the motions and applications did not ask for the setting aside of the sheriff's deeds, but the answers of the plaintiffs did note among the objections to the motions the fact of the issuing and recording of sheriff's deeds, issued by the sheriff without a writ, upon the strength of, and in harmony with, the ruling and writ affecting the Kadel case above. In the abstract there is contained a colloquy between the court and the attorneys in making the record in these two cases, which plainly indicates that the ruling made in the Kadel case was intended by the court to protect the sheriff, and could be made to apply to other cases, and the same ruling would be made if application for such was made. Perhaps a formal and proper application may not have been made in these two cases entitling the plaintiffs to the benefit of the ruling of the court as to the Kadel case. The sheriff so considered it and acted accordingly, issuing his deed in the second case February 26, 1934, and in the third case February 28, 1934; the eighteen-months period of redemption expiring, respectively, on August 8, 1933, and No-

vember 2, 1933. The motion and objections were heard on the same day as were those in the Kadel case, viz., March 20, 1934, and the same rule and conclusion would seem to apply, unless, strictly speaking, the finding and order of the court as to the governor's extension provision of chapter 232 of the Laws of 1933, was not definitely and specifically held to be unconstitutional in connection with these two cases. Because of this uncertainty in the abstract as to the binding and conclusive order of the district court as to the parties in these two cases with reference to that part of section 2 of chapter 232 of the Laws of 1933, giving the governor legislative authority to extend the moratorium another six-months period and his extension thereunder being unconstitutional, it will be necessary to consider that question as to these last two cases, and this point is one of the many points raised by appellants in their objections to the motions of the appellees.

The question under the objections is, whether or not the provision of the second section of chapter 232 of the Laws of 1933, delegated to the governor legislative power. If it did, it is unconstitutional. The legislature, after declaring a moratorium, in the first section of the act, upon all periods of redemption from judicial sales on account of an emergency, enacted in the second section that "said moratorium shall extend for six months from and after the 4th day of March, 1933." The balance of the second section is as follows:

"*Provided*, In case at or before the expiration of the six-months period, it shall in the judgment of the governor of the state of Kansas, be necessary for the preservation of the public peace, health and safety so to do, and in case in his judgment said emergency still exists, then the governor of the state of Kansas is hereby authorized to extend said moratorium for a period of not exceeding six months."

If the granting of the first six months of said moratorium was legislative in character, the last six months was nothing less or different. It was not a matter depending upon a contingency the happening of which would be plainly discernible to any one, as the majority of the resident voters of a city, county or district voting in favor of a project, but depended entirely upon the judgment of the governor as to the necessity of a further extension—just the same as the first section showed the legislature was exercising its judgment under the emergency.

Section 1 of article 2 of the state constitution vested the legislative power of the state in a house of representatives and senate. In the recent case of *State, ex rel., v. School District*, 140 Kan. 171,

34 P. 2d 102, concerning the redistricting of certain school districts, where the act was held unconstitutional, it was said in the closing portion of the opinion:

". . . it is not debatable that the legislature is powerless to clothe a private individual or a group of private individuals with power over corporate organization. An attempt to confer such power is said to be an attempt to delegate legislative power, which is futile. This is settled by a long line of decisions, beginning with *Comm'rs of Wyandotte Co. v. Abbott,* 52 Kan. 148, 34 Pac. 416, and extending to *Barrett v. City of Osawatomie,* 131 Kan. 50, 289 Pac. 970." (p. 174.)

The Abbott case, cited in the above quotation, was where the legislature vested absolute control in petitioners for a road improvement and a levy of tax therefor, and it was there said:

"The first contention is, that chapter 214 is unconstitutional because it attempts to delegate legislative power to the petitioners, and confer upon them the absolute and arbitrary power to levy taxes and special assessments on the property of others. The petitioners named in the statute are authorized, absolutely and arbitrarily, to determine whether the improvement is necessary and shall be made." (*Comm'rs of Wyandotte Co. v. Abbott,* 52 Kan. 148, 158.)

In *State v. Johnson,* 61 Kan. 803, 60 Pac. 1068, it was held:

"Chapter 28 of the Laws of 1898 (Gen. Stat. 1899, §§ 5779-5820), entitled 'An act creating a court of visitation, declaring its jurisdiction and powers, and providing for proceedings and procedure therein,' is unconstitutional and void, for the reason that, in the powers conferred upon that tribunal, legislative, judicial and administrative functions are commingled and interwoven in a manner violative of the constitutional requirement that the three great departments of government be kept separate, and the powers and duties of each exercised independently of the others." (Syl.)

See, also, 6 R. C. L. 164, 177.

"The functions of legislation may not be delegated by the legislative to the executive department or to any officer or officers thereof . . . nor may an executive officer be given authority, in his discretion, to give or to withhold a permit to do certain kinds of business, without any indication by the legislature of the test or standard by which such discretion is to be controlled. . ." (12 C. J. 844.)

"It is a doctrine well established and frequently reiterated by the courts that the functions of the legislature must be exercised by it alone and cannot be delegated. . . But any power not legislative in character which the legislature may exercise it may delegate." (12 C. J. 839.)

We cannot help but hold that what the governor was delegated to do, and did attempt to do, was as much legislative in character as what the legislature itself did do as to the first extension of six months, and therefore we are compelled to hold this delegation of

legislative power was entirely unauthorized under our separately constituted functions of government and was therefore unconstitutional, void and inoperative, just as the learned district judge did hold in the mandamus hearing, but because of the general and comprehensive terms of the new law he failed to sustain this objection of the appellants to the applications of the appellees thereunder.

The judgment of the trial court will be reversed in each of the three cases, the first because the second part of the second section of chapter 232 of the Laws of 1933 was held unconstitutional by the trial court and it became final and conclusive as no appeal was taken therefrom, and therefore the new law could not apply to the facts in that case; and if that same ruling did not strictly apply to the other two cases, about which there is some uncertainty in the record, then the same provision is now held unconstitutional under one of the objections of the appellants to the motions or applications of the appellees.

The cause is reversed with instructions to sustain this objection of appellants to the motions of appellees.