No. 34,643

Lorraine Bartelle, by Mrs. Walter W. Ward, His Mother and Next Friend, and Twenty-five Others Similarly Situated, *Plaintiffs*, v. Victor Murphy, County Superintendent of Public Instruction of Lincoln County, *Defendant*.

(94 P. 2d 705)

Opinion filed October 17, 1939.

*R. L. Hamilton*, of Beloit, for the plaintiffs.
*Ralph A. Rodgers*, of Lincoln, for the defendant.

The opinion of the court was delivered by

Hoch, J.: This is an original proceeding in mandamus to compel the county superintendent of public instruction of Lincoln county to approve the payment of tuition of certain applicants who desire to attend high school in adjoining counties. An alternative writ was issued. The defendant filed a motion to quash and an answer. The matter has been considered after oral argument and upon briefs filed by both parties.

Section 72-3806, G. S. 1935, which we find to be here applicable, provides for an appeal to the state superintendent of public instruction from refusal of a county superintendent to approve such applications. Plaintiffs do not allege that formal appeal was taken to the state superintendent. They recite that upon rejection of the applications by the county superintendent the parents of several of the pupils who had been rejected, together with certain persons not parties to this proceeding, "went to Topeka to appeal to the state superintendent of public instruction, but he stated that he has no power to remedy the difficulty." We cannot say, upon such an allegation of informal discussion and expression of opinion, that

there has been a statutory appeal to the state superintendent. Nor is the case here on mandamus directed to the state superintendent. The writ of mandamus, which is an extraordinary remedy, may not be issued where there is a plain and adequate remedy in the ordinary course of the law. (G. S. 1935, 60-1702.) It is well established in a long line of decisions of this court, which need not be cited here, that mandamus will not be issued where petitioners have not availed themselves of the legal remedies provided. We find that the plaintiffs, having taken no appeal to the state superintendent, have not exhausted their statutory remedies and that the motion to quash should be sustained. It is so ordered.

SMITH and ALLEN, JJ., dissenting.