### No. 37,541

LUCY CLELAND, *Plaintiff*, v. REX SHEWMAKE, as Coroner of Cherokee County, *Defendant*.

(197 P. 2d 699)

Opinion filed September 28, 1948.

*Oscar M. Yount,* of Galena, argued the cause, and *Helen E. Yount* and *Kent E. Yount,* both of Galena, were with him on the briefs for the plaintiff.

*Paul Armstrong,* county attorney, argued the cause, and *John C. Miller,* of Galena, was with him on the briefs for the defendant.

The opinion of the court was delivered by

SMITH, J.: This is an original action in mandamus wherein the plaintiff asks this court to order the coroner of Cherokee county to hold an inquest and summon a coroner's jury to inquire into the death of one Dr. R. A. Cleland.

The petition was filed shortly before 12 o'clock, Saturday, September 25. A few minutes thereafter the plaintiff asked this court to issue a peremptory writ. This court refused a peremptory writ at that time and set the case down for hearing on the original petition at 2 o'clock; September 27. No notice had been given counsel for the respondent of the filing of the petition or on the application for a peremptory writ. At the· time this court advised counsel for the plaintiff that the case would be heard and determined at 2 o'clock, September 27, counsel for plaintiff were directed to hand counsel for the respondent a copy of the alternative writ and the notice setting it down for hearing. At the same time our clerk was

directed and did advise counsel for the respondent of the hearing set for 2 o'clock, September 27. Sometime during the forenoon of September 27 an answer to the petition for a writ of mandamus was filed in our court by the respondent. When the matter came on for hearing on September 27 at 2 o'clock it appeared from the allegations of the answer and from statements made by counsel for both sides that an original application for a writ of mandamus between the same parties and praying for the same relief as prayed for in this petition had been filed on September 24, 1948, in the district court of Cherokee county. It also appeared that counsel for the plaintiff at that time had sought to obtain from the district court a peremptory writ on an *ex parte* proceedings without notice to counsel for the respondent. It also appeared that the district court had refused to allow the peremptory writ but had set the matter down for hearing at 9 o'clock a. m., September 25, and that when that hour arrived counsel for the plaintiff did not appear and when advised of the hearing by the district judge stated they did not intend to appear. It also appeared that the court proceeded to hear evidence offered by the respondent on the issue as to whether or not a writ should issue and that shortly before 12 o'clock Saturday, September 27, one of counsel for plaintiff had been advised by the district judge of Cherokee county that the application for writ was denied; that counsel for plaintiff, who had been thus advised by the district judge of Cherokee county, thereupon so advised his co-counsel who was waiting near the courtroom in Topeka, and that thereupon counsel proceeded to file this petition for a writ and to forthwith present it to this court, whereupon this court took the action which has already been set out in this action.

It thus appears that when this original petition was presented to this court an identical petition asking for identical relief between identical parties had been heard and decided in the district court of Cherokee county. The proper remedy of the plaintiff under all the circumstances was by appeal from the order of the district court denying the relief sought in that court. The statute provides that a writ of mandamus may not issue where there is a plain and adequate remedy in the ordinary course of the law. (See G. S. 1935, 60-1702; *Brockman v. Bayman,* 135 Kan. 238, 10 P. 2d 31; also, *Langworthy v. Kadel,* 141 Kan. 250, 39 P. 2d 443.)

It is therefore ordered that this original action be dismissed.