No. 39,697

JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, a corporation, *Plaintiff*, v. FRANK SULLIVAN, as Commissioner of Insurance of the State of Kansas, *Defendant*.

(294 P. 2d 234)

Opinion filed February 29, 1956.

*Lester M. Goodell*, of Topeka, argued the cause, and *Margaret McGurnaghan, Frederick A. Mann*, and *Thomas R. Sewell*, all of Topeka, were with him on the briefs for the plaintiff.

*Charles C. McCarter*, assistant attorney general, argued the cause, and *Harold R. Fatzer*, attorney general, and *John K. Corkhill*, of Topeka, were with him on the briefs for the defendant.

The opinion of the court was delivered by

WERTZ, J.: This is an original proceeding in mandamus filed by the John Hancock Mutual Life Insurance Company, hereinafter referred to as plaintiff, against the commissioner of insurance of the state of Kansas, in which plaintiff seeks a peremptory writ requiring the defendant to issue an order approving plaintiff's form of policy No. 4000-0-54, if it should be determined that the policy form does not violate any of the provisions of the statute, thus making it available for use by plaintiff in Kansas.

Plaintiff is a life insurance company and has been doing business as such in this state continuously since 1924 in accordance with the laws of this state.

G. S. 1949, 40-216, provides, in part:

. . . . . . . . . . . .

"No contract of insurance or indemnity shall be issued or delivered in this state until the form of the same has been filed with the commissioner of insurance, nor if the commissioner of insurance give written notice within thirty days of such filing, to the company proposing to issue such contract, showing wherein the form of such contract does not comply with the requirements of the laws of the state; . . ."

On June 18, 1954, pursuant to the mentioned statute, plaintiff submitted to defendant in his capacity as commissioner of insurance its

policy form No. 4000-0-54, and on July 15, 1954, and within thirty days from the filing of the policy, defendant gave written notice to plaintiff that he had examined the policy form and found that it could not be approved under the provisions of G. S. 1949, 40-401, and set forth the reasons the contract of insurance did not comply with the requirements of the laws of the state. Thereafter, plaintiff filed this action and an alternative writ was issued, to which defendant filed his motion to quash, and asserted as one of the reasons that plaintiff had not exhausted its administrative remedies, and that it had an adequate remedy at law.

The decisive question in this case is whether plaintiff had a plain and adequate remedy in the ordinary course of law and, if so, is mandamus a proper remedy and available to the plaintiff in this court?

G. S. 1949, 40-251, reads in pertinent part:

". . . any company or person affected by any order or action of the commissioner of insurance may, within sixty days from the date of such order or action, commence an action in a court of competent jurisdiction against the commissioner of insurance to vacate or set aside any such order or action on the ground that it is unlawful or unreasonable."

Both sections 40-216 and 40-251 are a part of the insurance code of this state, and it is apparent that under the provisions of section 40-251 the legislature made provision whereby plaintiff, if dissatisfied or aggrieved by any order or action of the commissioner of insurance made under section 40-216, could within sixty days from the date of such order commence an action in a court of competent jurisdiction against the commissioner of insurance to vacate or set aside such order or action on the ground that it was unlawful or unreasonable, thereby furnishing plaintiff a clear, plain and adequate remedy in the ordinary course of law.

The statute of this state (G. S. 1949, 60-1702) provides that a writ of mandamus may not issue in any case where there is a plain and adequate remedy in the ordinary course of law. It is well established in a long line of decisions of this court that mandamus will not lie where petitioners have not availed themselves of the legal remedies provided. (*Cleland v. Shewmake*, 165 Kan. 592, 197 P. 2d 699; *Atchison v. State Highway Comm.*, 161 Kan. 661, 171 P. 2d 287; *Bartelle v. Murphy*, 150 Kan. 468, 94 P. 2d 705.) Numerous other authorities supporting the mentioned rule are found in 4 Hatcher's Kansas Digest [Rev. Ed.], Mandamus, §§ 18 and 20, and

West's Kansas Digest, Mandamus, § 3. Inasmuch as the legislature, by section 40-251, provided a method to vacate and set aside any order or action taken by the commissioner of insurance under section 40-216, mandamus cannot be substituted for the method so provided.

The plaintiff had a plain and adequate remedy at law under section 40-251, and it follows that defendant's motion to quash the alternative writ, as amended, is sustained. The case is dismissed. It is so ordered.

HARVEY, C. J., not participating.