No. 46,906

WILSON CERTIFIED FOODS, INC., *Appellant,* v. RICHARD L. REID, Workmen's Compensation Examiner for the Workmen's Compensation Director for the State of Kansas, *Appellee.*

(507 P. 2d 839)

Opinion filed March 3, 1973.

*J. D. Lysaught,* of Weeks, Thomas, Lysaught, Bingham and Johnston, Chartered, of Kansas City, argued the cause, and *Miles D. Mustain,* of the same firm, was with him on the brief for the appellant.

*Harold S. Youngentob,* of the firm of Goodell, Casey, Briman, Rice and Cogswell, of Topeka, argued the cause, and *Thomas E. Wright,* of the same firm was with him on the brief for the appellee.

The opinion of the court was delivered by

KAUL, J.: This is an appeal from the district court's judgment entered in an action in mandamus.

Appellant Wilson is the respondent in a workmen's compensation proceeding which, at the time the action was filed, was pending before the appellee, a hearing examiner for the workmen's compensation director.

The claimants in the proceedings attempted to procure evidence in support of their claim by submitting interrogatories to respondent. Respondent declined to answer the interrogatories and the matter was presented to the examiner. The examiner took the extraordinary position of requiring the respondent to answer the interrogatories or suffer, apparently as a sanction, the entering of an award in favor of claimants. Respondent, faced with this predicament, filed this action in mandamus against the examiner seeking declaratory relief by way of a peremptory writ [order] of mandamus directing the examiner to withdraw his order directing respondent to answer the interrogatories and further to direct the examiner to refrain from punishing respondent.

In the district court, appellant Wilson filed a motion for summary

judgment on the grounds that the pleadings and records in the case conclusively showed that it was entitled to judgment as a matter of law.

The examiner filed a motion to dismiss specifying three grounds, the first of which was:

"The plaintiff had an adequate remedy by perfecting a timely application for review of the Examiner's ruling to the Workmen's Compensation Director as provided by law;"

The examiner further alleged that the director had exclusive jurisdiction of the case until all evidence was presented and further that the action of the examiner was proper.

The trial court considered both motions and concluded that mandamus was not a proper remedy since Wilson had an adequate remedy as alleged in the examiner's motion. This ruling, in effect, is a finding of no jurisdiction over the subject matter requiring a dismissal of the action and thus any further rulings of the district court are a nullity.

Findings or rulings of a hearing examiner have no effect in and of themselves and are subject to the approval, amendment or rejection by the director. (*Bammes v. Viking Manufacturing Co.*, 192 Kan. 616, 389 P. 2d 828; and *Harper v. Coffey Grain Co.*, 192 Kan. 462, 388 P. 2d 607.)

As the examiner pointed out in his motion to dismiss, Wilson had an adequate remedy by perfecting a timely application for review of the examiner's rulings to the workmen's compensation director as provided by law. (K. S. A. 1972 Supp. 44-551 and 44-556; and K. A. R. 51-18-2.)

It is well-established in a long line of decisions of this court that mandamus will not lie where petitioners have not availed themselves of and exhausted other adequate remedies. (*John Hancock Mutual Life Ins. Co. v. Sullivan*, 179 Kan. 167, 294 P. 2d 234; Vol. 4 Hatcher's Kansas Digest [Rev. Ed.], Mandamus, §§ 18 and 20; and Vol. 6A West's Kansas Digest, Mandamus, § 3.)

If the district court has no jurisdiction over the subject matter this court has no jurisdiction on appeal. (*Bammes v. Viking Manufacturing Co.*, supra.)

The district court correctly sustained appellee's motion to dismiss but had no jurisdiction to enter any further judgment.

The judgment is affirmed as modified.

FROMME, J., not participating.