441

(581 P.2d 399)
No. 49,551

Paul Dean Short, *Appellant*, v. Alvin E. Witwer, Examiner for the Workmen's Compensation Director of the State of Kansas and Bryce B. Moore, Director of the Division of Workmen's Compensation, Kansas Department of Human Resources, *Appellees*.

Opinion filed July 14, 1978.

*Simeon Webb* and *Fred Spigarelli*, of Pittsburg, for the appellant.

*William F. Morrissey*, special assistant attorney general, of Topeka, and *Curt T. Schneider*, attorney general, for the appellees.

Before Meyer, P.J., Abbott and Swinehart, JJ.

Swinehart, J.: This is an appeal of the trial court's refusal to issue an injunction preventing the workmen's compensation examiner or director from modifying a preliminary award under K.S.A. 1977 Supp. 44-534a.

The appeal to this court was submitted on the following agreed statement of facts as provided by Supreme Court Rule 3.05.

"1.  On the 31st day of March, 1977, this Plaintiff/Appellant filed an Application for Workmen's Compensation Benefits with Bryce C. Moore, Workmen's Compensation Director of Kansas. In addition thereto this Appellant, on the 5th day of April, 1977, filed an Application for Preliminary Hearing for benefits pending the final disposition of his Workmen's Compensation Claim. This application was scheduled for hearing on April 26, 1977, and the hearing was held as scheduled with Alvin E. Witwer as Examiner for the Workmen's Compensation Director. On April 29, 1977, this Examiner made an order which, in pertinent parts is as follows:

" 'WHEREFORE, IT IS ORDERED that the respondent Aquadyne, Inc., and its insurance carrier, Aetna Casualty & Surety Company, pay to the claimant temporary total disability benefits at the weekly rate of $112.67 from April 5, 1977, until the claimant is able to resume substantial gainful employment or until further Order of the Director; and that the respondent and its insurance carrier furnish medical treatment to the claimant, said medical treatment to be given by H. James Armstrong, M.D. or by such treating orthopedic physician as the respondent and insurance carrier shall select.'

"2.  That on the 26th day of July, 1977, the aforesaid employer and its

insurance carrier filed a motion to terminate the preliminary award as above stated. This motion was set to be heard August 9, 1977. On August 9, 1977, the Examiner was informed that Appellant (claimant) had undergone surgery at Mt. Carmel Medical Center, Pittsburg, Kansas on August 5, 1977, and was, at that time, in the hospital and would remain there for an indefinite period. The Examiner told counsel that the motion would be taken up on August 23, 1977. On August 11, 1977, the Examiner notified the parties by letter that the motion would be heard on August 23, 1977. On August 23, 1977, restraining order was served upon the Examiner. Plaintiff further states that, as provided in K.S.A. [1977 Supp.] 44-534a, provisions are made for preliminary benefits as follows:

" 'Upon a preliminary finding that the injury to the workman is compensable and in accordance with the facts presented at such preliminary hearing, the Director or Examiner may make a preliminary award of medical and temporary total disability compensation to be in effect pending the conclusion of a full hearing on the claim.'

"3. The Plaintiff, in his Petition, alleges that he will sustain irreparable damage if a restraining order is not made forthwith preventing the said Examiner from rescinding and vacating said temporary award. This matter was set for hearing and was heard by the District Judge on the 14th day of September, 1977, and an order was made, copy of which is attached hereto and made a part hereof. The Plaintiff thereafter filed his Notice of Appeal and the matter is now pending in the Court of Appeals of the State of Kansas. The sole issue herein is whether or not the Examiner has authority to rescind the order he had earlier made on April 29, 1977, prior to a final award being made."

The trial court found that it was without jurisdiction, citing *Bushman Construction Co. v. Schumacher,* 187 Kan. 359, 356 P.2d 869 (1960), and *Wilson Certified Foods, Inc. v. Reid,* 211 Kan. 613, 507 P.2d 339 (1973).

The appellant Short, the claimant, alleges the trial court erred when it found that Chapter 44 of K.S.A. (Workmen's Compensation Act) is complete and exclusive in dealing with the rights and responsibilities of the workman and the employer and the duties of the director and examiner in relationship to this problem, and therefore the court was incorrect in determining that the parties must exhaust their administrative remedies before appeal to or review by the district court is possible.

The appellant maintains that K.S.A. 1977 Supp. 44-534a does not provide for a review or modification of this preliminary award. The statute does in fact provide that such award is not appealable. The appellant further argues that the workman is without a means to prevent the employer, examiner or director from modifying said award prior to final determination of the claim, as was done in this case, if in fact the injunctive action herein is disallowed. The appellant maintains that K.S.A. 1977

Supp. 44-534a provides that the temporary award is not appealable and that the injunction proceedings should be allowed to prevent the examiner and/or the director from reviewing said order prior to final determination of the workman's claim.

Without passing on the meaning of the provisions as to finality and non-appealability of a preliminary award under the provisions of K.S.A. 1977 Supp. 44-534a, we find that the cases of *Bushman Construction Co. v. Schumacher,* supra, and *Wilson Certified Foods, Inc. v. Reid,* supra, are controlling, and the Workmen's Compensation Act of the state of Kansas provides the exclusive remedy for an injured workman. It follows that a workman may not subject an examiner to a separate and independent action to compel or enjoin the performance of his duties under the Workmen's Compensation Act until the workman has exhausted his administrative remedies under the Act; that is, until he has obtained a final award.

This court's finding that the district court lacked jurisdiction to hear the workman's petition for injunction makes moot the question of the rights of the parties and duties of the director under K.S.A. 1977 Supp. 44-534a.

Judgment is affirmed.